UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| JANE DOE,<br><br>       Plaintiff,<br><br>v.<br><br>GEORGIA DEPARTMENT OF CORRECTIONS *et al.*,<br><br>       Defendants. | Civ. No. |

**PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff Jane Doe, a transgender woman in the custody of the Georgia Department of Corrections ("GDC"), respectfully moves for a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure. Defendants GDC, Wellpath LLC ("Wellpath"), MHM Correctional Services, Inc. ("MHM"), Centurion Health, and their personnel and agents (collectively, "Defendants") refuse to provide Ms. Doe with medically necessary care in violation of the Eighth Amendment, the Americans with Disabilities Act ("ADA"), and the Rehabilitation Act. Ms. Doe has been diagnosed with gender dysphoria, a serious medical condition associated with significant distress and impairment. This distress has materialized repeatedly as self-harm, including multiple self-castration and suicide attempts. Despite clear recommendations for care by four of GDC's mental health clinicians, Defendants deny Ms. Doe a surgical evaluation and access to gender-

1

affirming surgeries; fail to provide Ms. Doe with adequate and uninterrupted hormone replacement therapy ("HRT"); and refuse to provide her with items necessary for her social transition, such as a wig and women's commissary items.

In addition, Defendants jeopardize Ms. Doe's wellbeing and safety by housing her in men's facilities in violation of the Eighth Amendment, the ADA, and the Rehabilitation Act. Ms. Doe is routinely subject to harassment and discriminatory treatment because she is transgender. She has been the victim of multiple sexual assaults and has been robbed at knifepoint in her cell. Ms. Doe requests transfer to a women's facility to be safe from harm from others and to alleviate her gender dysphoria.

As detailed more fully in the accompanying Memorandum of Law, Ms. Doe satisfies the requirements for a preliminary injunction. *See Dream Defs. v. Governor of Fla.*, 57 F.4th 879, 889 (11th Cir. 2023) (outlining requirements for injunctive relief). First, Ms. Doe demonstrates a substantial likelihood of success on the merits for her Eighth Amendment, ADA, and Rehabilitation Act claims related to her serious medical needs. Numerous Defendants have explicitly admitted that GDC has instituted a blanket ban on gender-affirming surgeries. That blanket ban is not based on individualized medical judgment but instead on discrimination against transgender people; it is therefore unconstitutional. Although Ms. Doe has made multiple requests and received four recommendations from medical professionals,

Defendants have refused to provide her with a surgical evaluation for gender-affirming surgery. Moreover, although Ms. Doe received HRT from 2015 through 2019, Defendants ended her HRT suddenly in 2019 and kept her off HRT for four years before restarting her below a clinical dosage in 2023. In August 2023, Defendants again ended her HRT suddenly for about three weeks. Ms. Doe now receives an even lower dose that is inadequate to address her symptoms and falls below medically acceptable standards of care. Because Defendants refuse to provide adequate medical treatment for her gender dysphoria, Ms. Doe experiences constant, overwhelming distress and is at serious risk of severe and imminent harm, including death by suicide. In the absence of proper care, Ms. Doe has already resorted to self-mutilation and multiple suicide attempts. To address these continuing harms, Ms. Doe seeks prospective injunctive relief requiring Defendants to provide her with individualized, medically necessary treatment for gender dysphoria—including an evaluation for gender-affirming surgery, the provision of recommended surgeries, adequate HRT, and gender-affirming commissary items.

Second, Ms. Doe demonstrates a substantial likelihood of success on the merits for her failure-to-protect claim under the Eighth Amendment. As a transgender woman housed in a men's prison, Ms. Doe experiences a substantial risk of serious harm at the hands of GDC staff and other incarcerated people every single day. Ms. Doe has been sexually and physically assaulted on multiple occasions, and

she experiences constant verbal harassment that makes her feel scared and unsafe. Ms. Doe has made GDC officials aware of these violent conditions through a litany of formal complaints, as well as a *pro se* lawsuit, but Defendants continue to ignore the severe risks to Ms. Doe's health and safety. To address the issue of ongoing violence and help alleviate her gender dysphoria, Ms. Doe seeks prospective injunctive relief in the form of an immediate transfer to a women's facility.

Ms. Doe satisfies the remaining requirements for a preliminary injunction. In the absence of injunctive relief, Ms. Doe will continue to suffer irreparable injury in the form of psychological distress, self-harm, and suicidal ideations from her untreated gender dysphoria, as well as the ongoing risk of continued violence related to her incarceration in a men's prison. The harm from these injuries significantly outweighs any harm or cost to Defendants, and the public interest favors vindication of constitutional rights. Because Ms. Doe satisfies the requirements of Rule 65, she respectfully requests that the Court render a preliminary injunction granting the relief below.

## RELIEF REQUESTED

The Court should issue a preliminary injunction directing Defendant GDC through its agents, Tyrone Oliver (GDC Commissioner), DeShawn Jones (Warden of Phillips State Prison), Dr. Sharon Lewis (GDC Statewide Medical Director), and Randy Sauls (Assistant Commissioner of Health Services for GDC), as applicable,

and in their official capacities; Centurion Health, MHM, and its agents, Chad Lohman (GDC statewide Mental Health Director) and Rhonda Billings (Phillips State Prison Mental Health Director), as applicable, and in their official capacities; and Wellpath, and its agents, Latonya James and Anthony Mulloy, as applicable, in their official capacities, to comply with the following within ten (10) days of the date of the Court's order:

1. Provide Ms. Doe with medically necessary gender-affirming care for her gender dysphoria, including an evaluation for gender-affirming surgery, provision of surgeries recommended by the evaluation, and appropriate, individualized HRT; and

2. Provide Ms. Doe with ongoing access to a wig, brassieres, underwear, buttock pads, breast pads, hair removal cream, makeup, and other gender-affirming commissary items.

The Court should further order Defendant GDC through Oliver and Jones in their official capacities to comply with the following within ten (10) days of the date of the Court's order:

3. Transfer Ms. Doe to a women's facility.

### REQUEST FOR RELIEF FROM REQUIREMENT TO POST BOND

Ms. Doe requests an exemption from Rule 65(c). "[T]he amount of security required by [Rule 65(c)] is a matter within the discretion of the trial court . . . [and]

the court may elect to require no security at all." *BellSouth Telecomms., Inc. v. MCIMetro Access Transmission Servs., LLC*, 425 F.3d 964, 971 (11th Cir. 2005). Waiving the bond requirement is particularly appropriate in public interest litigation, where plaintiffs allege the infringement of their constitutional rights. *Id.*

Respectfully submitted this 6th day of December, 2023.

*/s/ David Utter*
David J. Utter
Georgia Bar Number: 723144
THE CLAIBORNE FIRM, P.C.
410 East Bay Street
Savannah, Georgia 31401
(912) 236-9559 Telephone
(912) 236-1884 Facsimile
david@claibornefirm.com

*/s/ Christopher J. Murell*
Christopher J. Murell
Georgia Bar Number: 195116
Meghan Matt*
MURELL LAW FIRM
2831 St. Claude Avenue
New Orleans, Louisiana 70117
(504) 717-1297 Telephone
(504) 233-6691 Facsimile
chris@murell.law
meghan@murell.law

Sterling Marchand *
Scott Novak *
BAKER BOTTS, L.L.P.
700 K St NW
Washington, DC 20001
(202) 639-1316
sterling.marchand@bakerbotts.com
scott.novak@bakerbotts.com

Francesca Eick *
Katie Jeffress *
BAKER BOTTS, L.L.P.
401 S 1st Street Suite 1300
Austin, Texas 78704
(512) 322-2672
francesca.eick@bakerbotts.com
katie.jeffress@bakerbotts.com

Hannah Roskey *
BAKER BOTTS, L.L.P.
910 Louisiana Street
Houston, Texas 77002
(713) 229-1234
hannah.roskey@bakerbotts.com

Nicholas F. Palmieri *
BAKER BOTTS, L.L.P.
30 Rockefeller Plaza
New York, New York 10112
(212) 408-2640
Nick.palmieri@bakerbotts.com

D Dangaran *
Miriam R. Nemeth *
RIGHTS BEHIND BARS
416 Florida Avenue N.W. #26152
Washington, D.C. 20001-0506
(202) 455-4399
d@rightsbehindbars.org
miriam@rightsbehindbars.org

*Attorneys for Plaintiff*

**\* Motions for admission *pro hac vice* to be filed**