IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| Jane Doe,<br><br>      Plaintiff,<br><br>v.<br><br>Georgia Department of Corrections, et al.,<br>      Defendants. | Civ. Case No. 1:23-cv-05578-MLB |

**MOTION TO RENDER INTERIM RELIEF IN ADVANCE OF FEBRUARY 12, 2024 PRELIMINARY INJUNCTION HEARING**

Plaintiff Jane Doe filed the above-referenced case on December 6, 2023, and on the same day moved for a preliminary injunction on her claims under the Eighth Amendment, the Americans with Disabilities Act ("ADA"), and the Rehabilitation Act. Dkt. 1, 2. The Court held an initial hearing on December 11, 2023. Dkt. 49, 64. During this hearing, the Court initially requested that Plaintiff file a request for interim protective measures in advance of a full preliminary injunction hearing.[1] Counsel for

---

[1] Transcript of Proceedings (Dec. 11, 2023) at 47 (hereinafter, "Tr.") ("I'm going to ask you to file this week a clarification of the interim measures that you would like as part of your request for injunctive relief.").

1

Plaintiff and counsel for Defendants[2] agreed to first handle the interim measures informally but reserved the ability to return to the Court with any issues.[3]

Counsel for Plaintiff sent counsel for Defendants a formal request for interim relief measures on December 22, 2023. Exhibit A, Interim Relief Letter to Counsel for Defendants. The letter included a deadline of January 9, 2024, for Defendants' response. Defendants responded on January 5, 2024, largely ignoring Plaintiff's requests for interim relief and instead rehashing arguments against Plaintiff's motion to proceed anonymously. Dkt. 5. Exhibit B, Response Letter to Interim-Relief Requests. Defendants demanded that Plaintiff withdraw the motion to proceed anonymously by January 9, 2024, and warned that a motion to continue the preliminary injunction hearing would ensue if Plaintiff did not withdraw the motion. *Id.* In further attempts to resolve these issues without intervention from the Court, counsel for Plaintiff requested a meeting with counsel for Defendants. Exhibit C, Plaintiff's Email Reply to Defendants' Response Letter. Defendants responded that they were willing

---

[2] Defendants Georgia Department of Corrections ("GDC"), DeShawn Jones, Dr. Sharon Lewis, Dr. Chad I. Lohman, Tyrone Oliver, Randy Sauls, MHM Correctional Services, Inc., Centurion Health, Rhonda Billings, Dr. Skibinski, Dr. Cleary, Dr. Bowling, Sidney Moore, Dr. W. Ausborn, and Jeremy Lane were represented by counsel. Counsel for Defendants Wellpath LLC, Jewellann Clarke, and Latonya James did not attend the hearing, but have since filed notice of appearances. Dkt. 65, 66.

[3] Tr. at 64 ("Your Honor, we also discussed instead of doing an interim measure before the Court, handling that informally amongst counsel, but with the ability to return to you if there's an issue with that.").

to meet to discuss a "a resolution so that this case can proceed without additional extensions," and specifically stated:

> In order to fully investigate your client's numerous allegations and prepare an informed response to your claims, we must be able to speak with all of the named defendants and any other current or former employee of GDC or its contractors. We cannot accept any artificial limitations on the individuals to whom we may speak during our investigation, as . . . it would be unworkable to have to negotiate on a person-by-person basis who we are allowed to contact curing our investigation . . . .

Exhibit D, Defendants' January 7, 2024 Email.

Counsel met on January 8, 2024. In lieu of fully withdrawing Plaintiff's Motion to Proceed Using a Pseudonym, Plaintiff's Counsel indicated that, given the purported hindrances to the Defendants' investigation, Plaintiff would be willing to amend that Motion to allow counsel to discuss the case with and disclose Plaintiff's name to *all* named defendants and *any* current or former employees of GDC and its contractors, as Defendants requested, so long as the defendants and witnesses signed an agreed protective order and Defendants' counsel shared the name and job title of each non-defendant witness along with a general statement of information they have knowledge of—as Defendants would need to do in initial disclosures. Plaintiff's counsel emphasized that such representations would not be requested before Defendant's counsel was able to meet with each witness, and counsel indicated we would figure out the details of timing when drafting the protective order.

3

Defendants' counsel seemed to convey a willingness to view the protective order and share it with their clients before filing a motion to extend the preliminary injunction hearing date.

On January 9, 2024, Counsel for Defendants sent an email indicating that they intend to move to extend the deadline to respond to Plaintiff's motion for preliminary injunction and continue the February 12 hearing, "even if all restrictions [on sharing Plaintiff's legal name] were lifted today." Exhibit E, Defendants' January 9, 2024 email. Counsel for Defendants also informed Plaintiff that they "can't give [] an answer at this time" on the requests for interim relief. *Id.* Because Defendants have been unwilling to engage with Plaintiff on providing risk-reducing interim relief measures and wish to further delay Plaintiff's ability to obtain relief, Plaintiff now files the present motion. Plaintiff incorporates the arguments presented in her Motion for Preliminary Injunction (Dkt. 2) and requests that the Court render an order requiring Defendants to comply with the following three following narrow relief measures in advance of the February 12, 2024 hearing:

1. **Schedule Ms. Doe for an initial consultation with a licensed surgeon who can evaluate her for gender-affirming surgery**, as GDC doctors have already recommended.

2. **Provide Ms. Doe with access to purchase gender-affirming "Female-Only" items from the current commissary list**, of which GDC already has in supply.

3. **Provide risk-reducing mental health care**, in the form of one-hour psychotherapy session every two weeks with a mental health counselor in a private, medically appropriate setting.

These narrow requests for relief will aid in addressing the severe harm that Plaintiff continues to experience while awaiting response from Defendants. Plaintiff maintains and reserves her previous requests for relief, Dkt. 2-3, for full consideration at the preliminary injunction hearing. Plaintiff believes that argument on these narrow requests have been raised sufficiently to the court at the Dec. 11 hearing and submits that the Court can rule on this motion without a hearing.

Plaintiff proposes the following timeline for this motion:

- Jan. 9: Motion filed
- Jan. 23: Response Deadline
- Plaintiff will waive a Reply.

The attached Memorandum in Support explains the severe harm that Plaintiff continues to face, more fully outlines these three narrow requests for interim relief in light of this harm, and provides authority in support of the Court's ability to render such relief.

Respectfully submitted this 9th day of January, 2024,

*/s/ David J. Utter*
David J. Utter
Georgia Bar Number: 723144
THE CLAIBORNE FIRM, P.C.
410 East Bay Street
Savannah, Georgia 31401
(912) 236-9559 Telephone
(912) 236-1884 Facsimile
david@claibornefirm.com

Katherine E. Jeffress *
Francesca Eick
BAKER BOTTS, L.L.P.
401 S 1st Street Suite 1300
Austin, Texas 78704
(512) 322-2672
francesca.eick@bakerbotts.com
katie.jeffress@bakerbotts.com

Nicholas F. Palmieri *
BAKER BOTTS, L.L.P.
30 Rockefeller Plaza
New York, New York 10112
(212) 408-2640
Nick.palmieri@bakerbotts.com

Sterling Marchand *
Scott Novak *
BAKER BOTTS, L.L.P.
700 K St NW
Washington, DC 20001
(202) 639-1316
sterling.marchand@bakerbotts.com
scott.novak@bakerbotts.com

Hannah Roskey *
BAKER BOTTS, L.L.P.
910 Louisiana Street
Houston, Texas 77002
(713) 229-1234
hannah.roskey@bakerbotts.com

D Dangaran *
Miriam R. Nemeth *
RIGHTS BEHIND BARS
416 Florida Avenue N.W. #26152
Washington, D.C. 20001-0506
(202) 455-4399
d@rightsbehindbars.org
miriam@rightsbehindbars.org

Christopher J. Murell
Georgia Bar Number: 195116
Meghan Matt*
MURELL LAW FIRM
2831 St. Claude Avenue
New Orleans, Louisiana 70117
(504) 717-1297 Telephone
(504) 233-6691 Facsimile
chris@murell.law
meghan@murell.law

**Admitted *pro hac vice*
*Attorneys for Plaintiffs*

ACTIVE 108976719.2                           6

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing brief conforms to the requirements of L.R. 5.1. The brief is prepared as double-spaced between lines and in 14-point Times New Roman font.

/s/ David J. Utter

## CERTIFICATE OF SERVICE

I certify that, on January 9, 2024, I electronically filed the foregoing with the Court and served it on opposing counsel through the Court's CM/ECF system. All counsels of record are registered ECF users.

/s/ David J. Utter