## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

Jane Doe,

                Plaintiff,

                            Case No. 1:23-cv-5578-MLB

v.

Georgia Department of
Corrections, et al.,

                Defendants.

_____/

## **ORDER**

On December 6, 2023, Plaintiff filed an expedited motion for preliminary injunction, asking the Court to order Defendants to provide her with various kinds of gender-affirming healthcare.  (Dkt. 2.)  On December 11, the Court held a hearing to set a briefing and hearing schedule that "addresses the significant concern the Court has surrounding Plaintiff's claim that she faces immediate and increasing danger of suicide or self-castration."  (Dkt. 11 at 3.)  At the hearing, the parties proposed and the Court adopted the following schedule: Defendants' response to the preliminary injunction motion is due

January 31; Plaintiff's reply to Defendants' response is due February 6; and the hearing on the motion is set for February 12. (Dkt. 64 at 13–15.)

On January 9, Plaintiff filed what she styles as a "Motion to Render Interim Relief In Advance of February 12, 2024 Preliminary Injunction Hearing." (Dkt. 73.) In that motion, she asks for three categories of immediate relief: (1) an initial consultation with a surgeon who can evaluate her for gender-affirming surgery; (2) access to "Female-Only" items from Defendants' commissary list; and (3) one-hour psychotherapy sessions every two weeks. (Dkt. 73 at 4–5.) Plaintiff does not, however, explain at all what authority the Court has to order that relief prior to the preliminary injunction hearing. Instead, she relies by mere reference to prior arguments she made in her preliminary injunction motion to claim she is entitled to this "narrow[er]" relief on a more expedited schedule, "without additional argument." (Dkt. 73-1 at 3, 7.)

What Plaintiff really seems to ask for—particularly given that she wants all of these things before the preliminary injunction hearing—is either an emergency TRO or a truncated, "narrower" version of the primary relief she seeks through her initial motion for preliminary injunction. A TRO, however, "is an extraordinary remedy" that is only

granted in "exceptional cases." *Bates v. Leon Cty. Sheriff*, 2022 WL 1721218, at \*1 (N.D. Fla. Apr. 28, 2022).  And like with a preliminary injunction, it requires the movant to show:

> (1) a substantial likelihood of success on the merits of the underlying claim;
> (2) a substantial likelihood of suffering irreparable injury if the TRO is not granted;
> (3) that the threatened injury to the plaintiff outweighs any injury the nonmovant might suffer from the TRO; and
> (4) the TRO would not disserve the public interest.

*Id.*

Whether Plaintiff meets these elements is precisely what the preliminary injunction hearing is meant to address—at least with respect to Plaintiff's initial request for relief.  But, again, in asking for this new relief prior to the hearing, Plaintiff simply relies on the arguments she [articulated] in [her] Motion for Preliminary Injunction." (Dkt. 73-1 at 6.)  While she points to other cases that have granted the type of relief she seeks, she does not do nearly enough to convince the Court that she satisfies all four elements as to her new requests.  Plaintiff cannot merely adopt her prior arguments that are in no way tailored to the relief she seeks in her new motion.  Accordingly, the Court denies her motion without prejudice.

3

If Plaintiff thinks it is necessary for the Court to order the new relief she seeks in advance of the preliminary injunction hearing, she may refile her motion as one for a TRO or for separate injunctive relief.  In doing so, Plaintiff cannot merely rely on her prior arguments.  Instead, she must explain to the Court how she meets the requisite elements for granting the precise relief she seeks in the new motion.  Counsel must also identify exactly when they (or any member of their team) learned of the information requiring immediate injunctive relief.  Plaintiff must also propose a schedule for Defendants' response and the Court's consideration.

The Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion to Render Interim Relief In Advance of February 12, 2024 Preliminary Injunction Hearing (Dkt. 73).  She may refile her motion as one for a TRO or for separate injunctive relief from that she seeks in her prior preliminary injunction motion.

**SO ORDERED** this 11th day of January, 2024.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE