IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Jane Doe,

        Plaintiff,

                         Case No. 1:23-cv-5578-MLB

v.

Georgia Department of
Corrections, et al.,

        Defendants.

_____/

## ORDER

Plaintiff—a transgender woman incarcerated in the Georgia Department of Corrections ("GDC") and experiencing gender dysphoria—claims Defendants are violating her constitutional rights, the Americans with Disabilities Act, and the Rehabilitation Act by refusing to provide medically necessary treatment.  (Dkt. 1.)  Plaintiff moves to proceed anonymously, file documents that disclose her name under seal, and limit disclosure of her identity to defense counsel and certain senior GDC employees.  (Dkt. 5.)  Defendants oppose.  (Dkt. 59.)  The Court grants Plaintiff's motion in part.

In assessing Plaintiff's motion, "the relevant question is whether [P]laintiff has a substantial privacy right [that] outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *S.B. v. Fla. Agric. & Mech. Univ. Bd. of Trustees*, 823 F. App'x 862, 866 (11th Cir. 2020).[1]  The Court considers three factors in deciding whether Plaintiff's privacy concerns support the relief requested: whether Plaintiff is challenging government action; whether Plaintiff will have to disclose exceedingly intimate or private information; and whether Plaintiff will have to admit her plan to break the law.  *Id.*  As part of this, the Court considers *all* Plaintiff's circumstances to decide "whether the customary practice of disclosing [her] identity should yield to [her] privacy concerns.'" *In re Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1247 (11th Cir. 2020) (emphasis in original) (quoting *Plaintiff B v. Francis*, 631 F.3d 1310, 1316 (11th Cir. 2011).

The third factor is not relevant.  The second is the easiest.  The

---

[1] The Court recognizes *S.B.* is unpublished and not binding.  The Court cites it and other unpublished cases referenced here as instructive all the same.  *See Searcy v. R.J. Reynolds Tobacco Co.*, 902 F.3d 1342, 1355 n.5 (11th Cir. 2018) ("Unpublished cases do not constitute binding authority and may be relied on only to the extent they are persuasive.").

Court readily concludes disclosure of Plaintiff's identity will require disclosure of highly private information. Courts in the Eleventh Circuit have long "'permitted plaintiffs to proceed anonymously in cases involving mental illness, homosexuality, and transsexuality' because 'the social stigma attached to the plaintiff's disclosure was found to be enough to overcome the presumption of openness in court proceedings.'" *Doe v. Neverson*, 820 F. App'x 984, 988 (11th Cir. 2020) (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)). Defendant does not challenge this but says it does not matter because Plaintiff has engaged in "extensive prior litigation against prison officials that publicly identif[ied] Plaintiff by name and offer[ed] extensive details about Plaintiff's gender dysphoria, medical history, mental health, and alleged mistreatment by guards and other inmates." (Dkt. 59 at 1.) But Plaintiff represented herself in all those cases. Now she has counsel and appreciates her right to proceed anonymously. Nor is it surprising that she may have a greater wish to protect her identity here, as this case involves allegations of self-mutilation, suicidal ideation, and other events that have taken place in a new facility well after those addressed in her prior cases. Regardless of the past, disclosure of her identity here will necessarily result in

3

additional disclosure (or republication) of her transgender status, mental health problems, and other private medical information. So Plaintiff satisfies the second factor. *See Koe v. Noggle*, 2023 WL 5339281, at *30 (N.D. Ga. Aug. 20, 2023) (permitting plaintiff parents of transgender children to proceed anonymously); *Air Force Officer v. Austin*, 2022 WL 468030, at *2 (M.D. Ga. Feb. 15, 2022) ("social stigma" concerns related to plaintiff's vaccination status warranted anonymity).

Plaintiff also satisfies the third factor—she challenges government action. Specifically, she challenges actions by state prison officials to deny her medical treatment or not keep her safe. But the Court cannot say Plaintiff's need for privacy from those people outweighs the prejudice Defendants will face if her identity is shielded from disclosure to the individuals responsible for the conduct at issue. Plaintiff says her challenge to those "who have control over her daily life and housing," and "her medical care," put her "at risk of retaliation." (Dkt. 5-1 at 5.) But those people already know Plaintiff suffers from gender dysphoria, the treatment she has received, the treatment she has been denied, and the treatment she now demands. (Dkt. 1 ¶¶ 74, 106, 123, 259 (describing grievances and appeals Plaintiff filed with medical staff, the warden, and

other "GDC, MHM, and Wellpath administrators" and asserting certain defendants knew about Plaintiff's risk of harm in part because of her "grievances and requests").) In the light of that (and in the absence of any other evidence from Plaintiff), the Court cannot conclude she faces a risk from additional, necessary disclosure here. The Court thus finds her privacy interest against Defendants minimal. On the other hand, keeping the decision-making Defendants in the dark would significantly hamper all Defendants' ability to defend themselves. Defendants could not, for example, ask Plaintiff's physicians about decisions or recommendations they have made. Nor could they question the warden or guards entrusted with her care about her claim that staff failed to protect her. So while the Court concludes it is appropriate to shield Plaintiff's identity from the public and (possibly) certain other people, Defendants need not withhold Plaintiff's identity from individuals who are responsible for her medical care, who are directly involved in the wrongdoing she alleges, or who have relevant information regarding Plaintiff's claims.

The Court recognizes Plaintiff's concern that she may face retaliation from guards or other prison officials. But Plaintiff has not

identified a group of individuals who pose an actual risk to her such that the Court can assess that claim. So, to be clear, Defendants may disclose Plaintiff's identity to individuals who Plaintiff has alleged were part of her medical treatment, individuals who were entrusted with ensuring her safety, and individuals from whom they need Plaintiff-specific information to mount their defense. If a situation arises in which Plaintiff believes a particularized threat exists as to specific people, she should promptly notify the Court for further consideration.

The Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Motion for Leave to Proceed Anonymously and Motion for Leave to File Documents Revealing Identity Under Seal (Dkt. 5).

**SO ORDERED** this 12th day of January, 2024.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE