# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

JANE DOE,

*Plaintiff,*

v.

GEORGIA DEPARTMENT OF COR-
RECTIONS, *et al.*,

*Defendants.*

Case No. 1:23-cv-5578-MLB

## STATE DEFENDANTS' MOTION TO DISMISS
## PLAINTIFF'S SECOND AMENDED COMPLAINT

Under Federal Rule of Civil Procedure 12(b), State Defendants—Georgia De-
partment of Corrections, Tyrone Oliver, Randy Sauls, Chad I. Lohman, Sharon
Lewis, Marlah Mardis, DeShawn Jones, Aaron Pineiro, Jamal Kinte Roberts, and
Anthony Mulloy—respectfully move this Court to dismiss Plaintiff's Second
Amended Complaint (Doc. 209) in its entirety.

State Defendants are filing this motion today in an abundance of caution. On
January 21, 2025, this Court denied as moot State Defendants' motion to dismiss
Plaintiff's first amended complaint. *See* Doc. 216 at 6. Generally, after an amended
complaint is filed or a motion to dismiss is denied as moot because of a new amended
complaint, the defendant has 14 days to respond. *See, e.g.*, Fed. R. Civ. P. 12(a)(4),
(b); Fed. R. Civ. P. 15(a); *see also, e.g.*, *Amin v. NBCUniversal Media, LLC*, 2022
WL 2187561, at *1 (S.D. Ga. May 10) ("Should Defendant wish to renew its

arguments with regard to the amended complaint, it is granted fourteen days from the date of Plaintiff's filing of his amended complaint to do so."); *Admiral Ins. v. Vitus Grp.*, No. 4:24-cv-021, Doc. 101 at 2-3 (S.D. Ga. Dec. 9, 2024) ("Generally, a defendant must file any required response to an amended pleading within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later."). Today, February 4, is 14 days after this Court's denial.

At the same time, this case is stayed because of Wellpath's bankruptcy proceedings. *E.g.*, Docs. 192-93, 215. When Plaintiff moved for a temporary restraining order, Doc. 205, this Court ruled that because the then-operative complaint "still names Wellpath as a Defendant," it "cannot act on the motion for a TRO while the case is stayed pursuant to the bankruptcy order" unless Plaintiff "file[s] a new amended complaint removing Wellpath as a party." *See* Text of Docket Entry for Order on December 17, 2024. Wellpath immediately responded that the bankruptcy stay should not be limited to only Wellpath because "the bankruptcy court's order specifically extended the stay to Non-Debtors and those cases in their entirety." Doc. 205 at 2.

Though the second amended complaint no longer names Wellpath as a party, it continues to name former Wellpath employees and seeks liability for conduct stemming from events occurring when they were Wellpath employees. Doc. 209.

Wellpath's counsel contends that because Plaintiff maintains claims against Wellpath's former employees and potentially other non-debtors, this case "is still required to be subject to the bankruptcy stay in accordance with the bankruptcy court's orders." Doc. 215 at 2. As Wellpath informed the Court, State Defendants "could not join a stipulation" to dismiss Wellpath and its former employees due to the possibility of needing discovery and/or indemnification. Doc. 215 at 1-2; *see* Doc. 215-1 (correspondence from State Defendants' counsel explaining why).

Thus, to the extent the bankruptcy stay remains in force, the Court need not resolve this motion until the stay is modified or lifted. But out of abundance of caution to ensure this filing is timely, State Defendants file this motion to dismiss the second amended complaint. For the reasons stated in Defendants' accompanying memorandum, this Court should grant Defendants' motion to dismiss Plaintiff's second amended complaint in its entirety.

Dated: February 4, 2025

Christopher M. Carr
 *Attorney General*
  Georgia Bar No. 112505
Stephen J. Petrany
 *Solicitor General*
  Georgia Bar No. 718981
Georgia Department of Law
40 Capitol Square SW
Atlanta, Georgia, 30334
404-458-3408
spetrany@law.ga.gov

*Attorneys for Defendants Georgia Department of Corrections, Tyrone Oliver, Randy Sauls, Chad I. Lohman, Sharon Lewis, Marlah Mardis, DeShawn Jones, Aaron Pineiro, Jamal Kinte Roberts, and Anthony Mulloy*

Respectfully submitted,

*/s/ Jeffrey M. Harris*
Jeffrey M. Harris*
Rachael C.T. Wyrick*
Thomas S. Vaseliou*
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Suite 700
Arlington, VA 22209
(703) 243-9423
jeff@consovoymccarthy.com
rachael@consovoymccarthy.com
tvaseliou@consovoymccarthy.com

*pro hac vice

*Special Assistant Attorneys General and Attorneys for Defendants Georgia Department of Corrections, Tyrone Oliver, Randy Sauls, Chad I. Lohman, Sharon Lewis, Marlah Mardis, DeShawn Jones, Aaron Pineiro, Jamal Kinte Roberts, and Anthony Mulloy*

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing brief conforms to the requirements of L.R. 5.1C and this Court's subsequent orders. The brief is prepared in 14-point Times New Roman font.

*/s/ Jeffrey M. Harris*

## CERTIFICATE OF SERVICE

I certify that on February 4, 2025, I electronically filed the foregoing with the Clerk of the Court using the Court's ECF system, which will automatically send email notification to all counsel of record.

_s/ Jeffrey M. Harris_