# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JANE DOE,<br><br>     Plaintiff,<br><br>v.<br><br>GEORGIA DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>     Defendants. | Case No. 1:23-cv-5578-MLB |

## MHM DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

MHM Correctional Services, LLC ("MHM"), Rhonda Billings, Dr. Sherri Skibinski, Dr. Cathleen Cleary, Dr. Donald Bowling, Sidney Moore, Dr. Wil Ausborn, and Jeremy Lane (collectively, "the MHM Defendants"), through counsel, submit this response in opposition to Plaintiff's motions for leave to file third amended complaint. Doc. 287.

Plaintiff's motion asks that the court to allow her to amend and file a third amended complaint adding new claims to this case because at the time of her second amended complaint she was housed under federal custody but has since then been transferred back to Phillips State Prison under the custody of GDC. *See* Doc. 287 at 2, Doc. 287-1, ¶ 20. Plaintiff seeks to add claims for injunctive relief ordering all

defendants to further provide: "(1) an evaluation for gender-affirming surgery and, if indicated, the surgery itself; (2) adequate hormone replacement therapy (HRT); (3) gender-affirming commissary items like make-up, wigs, and brassieres; and (4) transfer to a women's facility." *See* Doc. 287 at 3, Doc. 287-1 at 93-94. Specifically, Plaintiff brings a new count under Title III of the ADA against MHM for failure to accommodate her alleged disability of gender dysphoria. Doc. 287-1, ¶¶ 274-284.

MHM Defendants request that Plaintiff's motion for leave to file third amended complaint (Doc. 287) be denied because Plaintiff's third amended complaint would still be subject to dismissal for failure to plead a claim and amendment would be futile.

## ARGUMENT & CITATIONS OF LAW

Federal Rule of Civil Procedure 15(d) provides that "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." However, leave to amend should be denied only with substantial justification, as "when the amendment would prejudice the defendant, follows undue delays, or is futile.'" *Tolston v. City of Atlanta*, 723 F. Supp. 3d 1263, 1287 (N.D. Ga. 2024) (quoting *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999). Furthermore, the Court has the discretion whether to permit leave to file a supplemental pleading under this rule, and a supplemental pleading may be denied

2

as futile "when the claim, as amended, would still be subject to dismissal." *Ga. Ass'n of Latino Elected Officials, Inc. v. Gwinnett Cnty Bd. of Registrars*, 36 F.4th 1100, 1126 (11th Cir. 2022) (internal quotation marks omitted); *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262-63 (11th Cir. 2004).

## I. Plaintiff's third amended complaint is futile because she seeks treatment barred by Georgia state law.

On May 8, 2025, Governor Kemp signed into law Georgia Senate Bill 185, 2025 Georgia Laws Act 69 ("S.B. 185"), which as amended O.C.G.A. § 42-5-2(e)(1) states that "no state funds or resources shall be used for the following treatments for state inmates: (A) Sex reassignment surgeries or any other surgical procedures that are performed for the purpose of altering primary or secondary sexual characteristics; (B) Hormone replacement therapies; and (C) Cosmetic procedures or prosthetics intended to alter the appearance of primary or secondary sexual characteristics."

In *Benjamin v. Oliver*, there was an injunction issued by this court for S.B. 185 as it pertained to O.C.G.A. § 42-5-2(e)(1)'s preclusion of "state funds or resources from being used for hormone replacement therapies to treat gender dysphoria." *Benjamin v. Oliver*, No. 1:25-CV-04470-VMC, 2025 WL 2542072, at *1 (N.D. Ga. Sept. 4, 2025). Thus, O.C.G.A. § 42-5-2(e)(1)'s ban on sex reassignment surgery and cosmetics related to gender affirming care are still in effect.

3

Therefore, to the extent Doe seeks injunctive relief for sex reassignment surgery and cosmetic procedures, O.C.G.A. § 42-5-2(e)(1) bars these treatments. Nevertheless, if Doe seeks to challenge these other portions of O.C.G.A. § 42-5-2(e)(1) that have not been enjoined—subsections (A) and (C)—then she would need to pursue that challenge as a prospective class member in *Benjamin* pursuant to Fed. R. Civ. P. 19.

## II. Plaintiff's third amended complaint is futile because she fails to plausibly plead the same claims in Counts 1, 2, and 4 against the MHM Defendants as it plead in her second amended complaint.

Plaintiff's claims against the MHM Defendants in Counts 1, 2, and 4 in her third amended complaint are still substantively the same as her second amended complaint.

Count 1 alleges a claim under 42 U.S.C. § 1983, alleging a violation of the Eighth Amendment based on deliberate medical indifference by Ms. Billings and Dr. Skibinski (alongside several GDC defendants. Doc. 287-1 at ¶¶ 209-223. And Plaintiff still alleges that these defendants have been deliberately indifferent by denying gender-affirming care—including gender-affirming surgery—to Plaintiff during 2023. *Id*. The only difference in this claim is the additional request for injunctive relief. *Id*.

Count 2 also alleges the same § 1983 claim for deliberate indifference, this time against Dr. Cleary, Dr. Bowling, N.P. Moore, Dr. Ausborn, and Mr. Lane. For

4

this claim, Plaintiff alleges that these Defendants denied her gender-affirming care by not evaluating, referring, and ultimately performing gender-affirming surgery for Plaintiff. *Id*. at ¶¶ 224-239. However, Count 2 does not appear to add a claim for injunctive relief. *Id*.

Finally, Count 4 does not add a claim for injunctive relief and asserts the same § 1983 claim involving the MHM Defendants, alleging that Dr. Skibinski and N.P. Moore (with State Defendants Warden Piniero and Dr. Mardis) denied Plaintiff gender-affirming care by not providing gender-affirming surgery and the medication that Plaintiff had requested. *Id*. at ¶¶ 240-245.

Plaintiff's attempt to supplement and amend her complaint as to Counts 1, 2, and 4 would still be subject to dismissal because Plaintiff's claims—even as amended—rest on the same conclusory allegations that the MHM Defendants have already moved to dismiss. *See* Doc. 278. MHM Defendants hereby adopt by reference the same argument and citation of authority contained in MHM Defendants' motion to dismiss as to these same claims both for injunctive relief and money damages asserted against them fail to state a claim under the same factual and legal analysis. Therefore, Counts 1, 2, and 4 of Plaintiff's third amended complaint would be subject to dismissal and futile for these same reasons established in MHM Defendants' motion to dismiss (Doc. 278).

### III. Plaintiff's third amended complaint is futile because she fails to plausibly plead a Title III ADA claim for injunctive relief against the MHM Defendants.

One of Plaintiff's main additions to her third amended complaint is that she now wants to bring a claim in Count 9 directly against MHM itself—that is, Doe newly alleges that MHM violated Title III of the ADA. Doc. 287-1 at ¶¶ 274-284.

#### a. Gender dysphoria does not qualify as a disability under the ADA.

As Plaintiff states in her motion, "this this Court has already determined, gender dysphoria qualifies as a disability under the ADA. . ." Doc. 131 at 44-45. However, to preserve the record, the MHM Defendants reassert their same argument in their previous opposition to Plaintiff's request for injunctive relief and hereby adopts by reference the argument and citation of authority in Section I.B.1. of their opposition to plaintiff's motion for preliminary injunction. *See* Doc. 86 at 38-42.

#### b. MHM is not a place of public accommodation under Title III of the ADA.

Plaintiff's claim under Title III of the ADA brought against the MHM Defendants in Count 9 of her third amended complaint would be subject to dismissal and futile because Plaintiff has failed to allege that MHM or Centurion owns, leases, or operates a place of public accommodation. Even if Phillips State Prison (or any of the facilities that Plaintiff has been housed at) is a place of public accommodation, there are no factual allegations that MHM owns, leases, or operates Phillips State

6

Prison or that MHM operates any professional office in the actual physical place of the prison to provide the alleged public accommodation of medical care.

"Title III prohibits discrimination against the disabled by private entities at 'any place of public accommodation.'" *Price v. City of Ocala, Fla.*, 375 F. Supp. 3d 1264, 1269 (M.D. Fla. 2019) (quoting 42 U.S.C. § 12182). To state a claim under Title III, a plaintiff must allege that (1) he "is a disabled individual;" (2) "the defendant owns, leases, or operates a place of public accommodation;" and (3) "the defendant discriminated against the plaintiff within the meaning of the ADA." *Gomez v. Gen. Nutrition Corp.*, 323 F. Supp. 3d 1368, 1374 (S.D. Fla. 2018).

However, MHM does not own, lease, or operate a place of public accommodation. *See Spradlin v. Toby*, No. 5:23-CV-328 (MTT), 2024 WL 3881483, at *9 (M.D. Ga. Aug. 19, 2024) (dismissing inmate claims under Title III of the ADA because MHM did not own, lease, or operate a place of public accommodation at Hancock State Prison). Additionally, Plaintiff does not cite any authority "in which a jail or correctional institution has been held subject to the provisions of Title III." *Kendrick v. Faircloth*, 2010 U.S. Dist. LEXIS 3908, at *41 (M.D. Fla. Jan. 19, 2010). Rather, existing "legal authority . . . suggest[s] that a jail or prison facility does not constitute a place of 'public accommodation' as defined in the applicable statutory provisions." *Id.* (citing *Morgan v. Mississippi*, 2008 WL 44981 *5-6 (S.D. Miss.

2008); *Brown v. King Cty. Dep't of Adult Corr.*, 1998 U.S. Dist. LEXIS 20152, at *16, 1998 WL 1120381 (W.D. Wash. Dec. 9, 1998)).

In its previous order, this court cited *Hernandez v. Cty. of Monterey* for the proposition that "Title III also covers private healthcare operations in jails as a type of 'public accommodation.'" Doc. 131 at 38 (citing 70 F. Supp. 3d 963, 978 (N.D. Cal. 2014)). However, in *Hernandez*, the court held that the plaintiffs had alleged a valid Title III claim against the California Forensic Medical Group ("CFMG"), as a private contractor operating at a jail facility because they "sufficiently alleged that CFMG 'operates' a professional office in the actual physical 'place' of the jail to provide the 'public accommodation' of all required medical care." *Hernandez,* 70 F. Supp. 3d at 978. Title III specifically includes a "professional office of a health care provider" and a "hospital" as places of public accommodation. *See* 42 U.S.C. § 12181 (7)(F).[1]

Thus, relying on the broad scope of Title III, the court in *Hernandez* held that the plaintiffs' allegations that CFMG operated a professional office within the jail was sufficient to establish that "the health care facilities that CFMG operates in the jail are covered service establishments and public accommodations within the meaning of Title III." *Hernandez*, 70 F. Supp. 3d at 977.

---

[1] Notably, a penal facility is absent from the statutory definition of public accommodation. 42 U.S.C. § 12181(7).

Just three years later, the same court with the same defendant further analyzed Title III of the ADA in *M.S. v. Cnty. of Ventura*, where the plaintiffs again alleged that CFMG was responsible for the medical care and treatment of inmates at Ventura County jail facilities. No. CV1603084BRORAOX, 2017 WL 10434015, at *22 (C.D. Cal. Mar. 7, 2017). But the plaintiffs included no allegations regarding where CFMG kept its physical offices. *Id*. Thus, unlike in *Hernandez*, the court found that the plaintiff had not sufficiently alleged facts indicating that CFMG operated a "professional office within the jail" and failed to plead a sufficient Title III claim. *Id.*

Furthermore, MHM was also a defendant in *M.S. v. Cnty. of Ventura* where the court analyzed whether it operated an office or space, or whether any of the individual MHM Defendants likewise operated physical offices there. *Id*. And the court also found that the plaintiff had failed to allege facts indicating that MHM operated a "professional office within the jail" and dismissed the Title III claims against MHM. *Id*.

Here, Plaintiff's third amended complaint alleges only that MHM "is a private entity that operates mental health services in GDC facilities," and "provides all the mental and behavioral health services for GDC pursuant to a contract.," but does not allege that MHM Services operates any office within GDC facilities. Doc. 287-1, ¶¶ 28, 277. In other words, Plaintiff alleges that the MHM Defendants perform services

9

on behalf of the State Defendants, but not that they operate any physical location. Just as the court found in *M.S. v. Cnty. of Ventura,* Plaintiffs have also herein failed to plead a sufficient Title III claim against MHM Defendants as they do not operate a physical office within the GDC prison facilities as a covered service establishment or public accommodations within the meaning of Title III. No. CV1603084BRORAOX, 2017 WL 10434015, at *22 (C.D. Cal. Mar. 7, 2017).

Therefore, Plaintiff's claim under Title III of the ADA brought against the MHM Defendants in Count 9 of her third amended complaint would be subject to dismissal and futile for these reasons.

## CONCLUSION

Because Plaintiff's third amended complaint would still be subject to dismissal for failure to plead a claim and amendment would be futile, MHM Defendants respectfully ask this Court to deny her motion (Doc. 287).

Respectfully submitted this 28th day of October, 2025.

*[Signature Page Following]*

|  |  |
|---|---|
|  | HUFF, POWELL & BAILEY, LLC |
|  | s/ *Michael Frankson* |
|  | MICHAEL G. FRANKSON |
|  | Ga. Bar No. 173835 |
|  | LINDSEY L. CASSIMUS |
|  | Ga. Bar No. 301862 |
| 999 Peachtree Street | *Counsel for Defendants MHM Correctional Services, LLC, Rhonda Billings, Dr. Sherri Skibinski, Dr. Cathleen Cleary, Dr. Donald Bowling, Sidney Moore, Dr. Wil Ausborn, and Jeremy Lane* |
| Suite 950 | |
| Atlanta, Georgia 30309 | |
| (404) 892-4022 | |
| (404) 892-4033 (Fax) | |
| mfrankson@huffpowellbailey.com | |
| lcassimus@huffpowellbailey.com | |

11

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rules 5.1(B) and 7.1(D), I hereby certify that the foregoing filing complies with the applicable font and size requirements and is formatted in Times New Roman, 14-point font.

**HUFF, POWELL & BAILEY, LLC**

s/ *Michael Frankson*
MICHAEL G. FRANKSON
Ga. Bar No. 173835
LINDSEY L. CASSIMUS
Ga. Bar No. 301862

| | |
|---|---|
| 999 Peachtree Street<br>Suite 950<br>Atlanta, Georgia 30309<br>(404) 892-4022<br>(404) 892-4033 (Fax)<br>mfrankson@huffpowellbailey.com<br>lcassimus@huffpowellbailey.com | *Counsel for Defendants MHM Correctional Services, LLC, Rhonda Billings, Dr. Sherri Skibinski, Dr. Cathleen Cleary, Dr. Donald Bowling, Sidney Moore, Dr. Wil Ausborn, and Jeremy Lane* |

## CERTIFICATE OF SERVICE

I certify that on October 28, 2025, I electronically filed the foregoing with the Clerk of the Court using the Court's ECF system, which will automatically send email notification to all counsel of record.

                                  **HUFF, POWELL & BAILEY, LLC**

                                  s/ *Michael Frankson*
                                  MICHAEL G. FRANKSON
                                  Ga. Bar No. 173835
                                  LINDSEY L. CASSIMUS
                                  Ga. Bar No. 301862

999 Peachtree Street
Suite 950
Atlanta, Georgia 30309
(404) 892-4022
(404) 892-4033 (Fax)
mfrankson@huffpowellbailey.com
lcassimus@huffpowellbailey.com

*Counsel for Defendants MHM Correctional Services, LLC Rhonda Billings, Dr. Sherri Skibinski, Dr. Cathleen Cleary, Dr. Donald Bowling, Sidney Moore, Dr. Wil Ausborn, and Jeremy Lane*

13