IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JANE DOE, <br><br> *Plaintiff*, <br><br> v. <br><br> GEORGIA DEPARTMENT OF COR-RECTIONS, *et al.*, <br><br> *Defendants.* | Case No. 1:23-cv-5578-MLB |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT**

Plaintiff once again seeks to amend the complaint in this matter. Although the proposed complaint is titled "Third Amended Complaint," this is actually the seventh complaint Plaintiff has filed. Plaintiff filed *four* "Second Amended Complaint[s]." *See* Docs. 200, 206, 209, 259. The first was struck at Plaintiff's request after Plaintiff "inadvertently kept Wellpath in the case as a Defendant." Doc. 207. The second was struck, again at Plaintiff's request, because it "included allegations against [former Wellpath employees] during their time as Wellpath employees." Doc. 208. The third was struck as a result of the bankruptcy stay order. *See* Doc. 258. The fourth is subject to a pending motion to dismiss. *See* Doc. 280.

Allowing Plaintiff to amend once again would be futile because, since returning to state custody, Plaintiff has failed to exhaust available administrative remedies as required by the Prison Litigation Reform Act. Moreover, over the nearly two years

this case has been pending, Defendants have filed several motions to dismiss in response to Plaintiff's successive complaints. *See* Docs. 148, 218, 280. Yet, due to Plaintiff's repeated amendments, there has still not been a ruling on whether Plaintiff even states a plausible claim for relief. Allowing further amendment would require yet another round of motion-to-dismiss briefing from square one, imposing significant costs and burdens on Defendants. In all events, nothing in Plaintiff's proposed amended complaint would correct the deficiencies previously identified in Defendants' several prior motions to dismiss. The motion should be denied.

## LEGAL STANDARD

Leave to amend should be granted "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Court has discretion to deny leave to amend in circumstances of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Although generally, the mere passage of time, without more, is an insufficient reason to deny leave to amend a complaint, *undue* delay may clearly support such denial." *Hester v. Int'l Union of Operating Eng'rs, AFL-CIO*, 941 F.2d 1574, 1578-79 (11th Cir. 1991) (cleaned up).

Where a plaintiff has amended a complaint multiple times in the past, courts are generally reluctant to grant leave for further amendment. *See, e.g.*, *Frazier v. Mylan Inc.*, 911 F. Supp. 2d 1285, 1303 n.15 (N.D. Ga. 2012) ("The Court has

already given plaintiff a chance to amend her complaint and will not grant her per-

petual bites at the apple."); *Gardner v. Bottoms*, 2023 WL 5596400, at \*11 n.12

(N.D. Ga. July 21) ("Plaintiffs have been given multiple opportunities to amend their

complaint. The Court will not continually grant amendment in response to every

motion to dismiss filed by Defendants."), *aff'd*, 2025 WL 799282 (11th Cir. Mar.

13); *Duru v. HSBC Bank Nevada, N.A.*, 2009 WL 1410472, at \*4 (S.D. Fla. May 20)

("As Plaintiff has already had two opportunities to file an amended complaint, fur-

ther leave to amend his pleadings will not be granted."), *aff'd sub nom. Duru v.*

*HSBC Card Servs., Inc.*, 411 F. App'x 240 (11th Cir. 2011).

## PROCEDURAL BACKGROUND

1.    Plaintiff filed this action nearly two years ago, on December 6, 2023.

*See* Doc. 1. Plaintiff sought a preliminary injunction that requested sex-reassignment

surgery, transfer to a women's prison, increased dosage of cross-sex hormones, and

certain clothing and cosmetic items. *See* Doc. 2. Responsive pleadings were stayed

pending the preliminary-injunction proceedings. *See* Doc. 49. This Court denied

Plaintiff's motion, except with respect to two types of cosmetic and clothing items

(padding and hair-removal cream). *See* Doc. 131 at 53. Defendants appealed the

Court's grant of a preliminary injunction. *See* Doc. 133.

2.    Throughout this case, Plaintiff has repeatedly sought leave to amend.

Plaintiff first sought to amend to correct certain errors in the original complaint, in-

cluding misnaming MHM Correctional Services, LLC, and incorrectly alleging that

3

Centurion Health was its parent company. *See* Doc. 100. The Court permitted Plaintiff to file the first amended complaint on February 13, 2024. *See* Doc. 105. Defendants moved to dismiss that complaint on July 10, 2024. *See* Doc. 148. The motion was fully briefed, and submitted to the Court for consideration on August 12, 2024. The Court separately granted two unopposed motions to extend the preliminary injunction it previously entered. *See* Docs. 153, 189.

After Wellpath, LLC, filed a Suggestion of Bankruptcy, the Court stayed proceedings as to Wellpath, but otherwise allowed the litigation to proceed. *See* Doc. 193. Plaintiff moved for leave to file a second amended complaint, but withdrew the motion shortly thereafter. *See* Docs. 194-95. Plaintiff then filed a new motion for leave to file a second amended complaint. *See* Doc. 196. The Court granted the motion, and Plaintiff filed the new complaint. *See* Doc. 200. Although Plaintiff claimed the new complaint would drop Wellpath as a defendant, it continued to list Wellpath.

Plaintiff subsequently moved for a temporary restraining order, Doc. 203, but the Court ruled that because the then-operative complaint "still nam[ed] Wellpath as a Defendant," it could not "act on the motion for a TRO while the case is stayed pursuant to the bankruptcy order" unless Plaintiff "file[d] a new amended complaint removing Wellpath as a party," *see* Text of Docket Entry for Order on December 17, 2024. That same day, Plaintiff filed two new complaints, one of which was

immediately struck on Plaintiff's own motion. *See* Docs. 206, 209. Defendants filed a motion to dismiss on February 4, 2025. *See* Doc. 218.

3.      Although Plaintiff dismissed Wellpath as a defendant, two of Wellpath's employees, Dr. Latonya James, and Jewellann Clarke, continued to be named. The Court ruled that the stay entered by the bankruptcy court stayed the entire case, and ordered the case administratively closed. *See* Doc. 230. On April 3, 2025, Plaintiff moved to reopen the case, in order to "to voluntarily dismiss with prejudice Defendants Wellpath, Dr. Latonya James, and Jewellann Clarke." Doc. 233 at 4. The Court allowed Plaintiff to move for dismissal with prejudice of those defendants. Docs. 235-36. After Plaintiff did so, the Court granted the motion, and ordered Plaintiff to file an amended complaint within 30 days. *See* Doc. 258.

4.      Plaintiff was transferred from GDC to federal custody on March 3, 2025, to face sentencing on federal criminal charges. *See* Doc. 280-1 at 1. Because of Plaintiff's transfer from state custody, the Eleventh Circuit dismissed Defendants' appeal of the preliminary injunction as moot. *See Doe v. Georgia Dep't of Corr.*, 2025 WL 1206229, at *1 (11th Cir. Mar. 6).

5.      Plaintiff filed the now-operative complaint on July 29, 2025, while Plaintiff was still in federal custody. Doc. 259. Plaintiff was "convicted in federal court (and subsequently sentenced to another 80 years in prison) for constructing bombs and mailing them to federal buildings." Doc. 280-1 at 27. After Plaintiff's

federal sentencing, Plaintiff was transferred back to state custody on September 18,

2025 to continue serving the state sentence. *Id.* at 1 n.1. On September 29, 2025,

Defendants timely moved to dismiss the operative complaint. *See* Doc. 280. Rather

than oppose the motion to dismiss, Plaintiff filed a motion for leave to file a third

amended complaint. *See* Doc. 287.

## ARGUMENT

Plaintiff's motion should be denied for three reasons. First, amendment here

would be futile because Plaintiff failed to exhaust administrative remedies as re-

quired by the Prison Litigation Reform Act. *See* 42 U.S.C. §1997e(a) ("No action

shall be brought with respect to prison conditions under section 1983 of this title, or

any other Federal law, by a prisoner confined in any jail, prison, or other correctional

facility until such administrative remedies as are available are exhausted."). Second,

Plaintiff unduly delayed requesting leave to file a third amended complaint, resulting

in Defendants spending significant time on a motion-to-dismiss filing that would be

mooted if amendment is allowed. Finally, amendment would be futile because Plain-

tiff fails to state a claim.

### I.    Amendment is Futile Because Plaintiff Failed to Exhaust Adminis-trative Remedies.

The PLRA makes pre-suit exhaustion "mandatory." *Woodford v. Ngo*, 548

U.S. 81, 85, 101 (2006). There is no "unwritten 'special circumstances' exception"

to the PLRA's requirement that available administrative remedies be exhausted.

*Ross v. Blake*, 578 U.S. 632, 635 (2016). Prisoners must "exhaust all 'available' remedies, not just those that meet federal standards." *Woodford*, 548 U.S. at 85. "Proper exhaustion means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Varner v. Shepard*, 11 F.4th 1252, 1260 (11th Cir. 2021) (cleaned up). Indeed, a prisoner must "exhaust administrative remedies even where the relief sought—monetary damages—cannot be granted by the administrative process." *Woodford*, 548 U.S. at 85.

Plaintiff failed to satisfy the PLRA's mandatory pre-suit exhaustion requirement with respect to the new claims for injunctive relief. Specifically, Plaintiff did not give GDC "a fair and full opportunity to adjudicate [Plaintiff's] claims" by requesting interventions from people who could authorize them and filing grievances against the proper officials. *Id.* at 90. Plaintiff's proposed complaint includes many new allegations of conduct following Plaintiff's return to state custody, *see* Doc. 287-1 ¶¶191-208, including that Plaintiff has been placed in administrative segregation, denied certain "gender-affirming items," and given allegedly insufficient dosages of Prozac and spironolactone, *see id.* ¶¶197, 200, 202, 204. But Plaintiff has not submitted grievances regarding these matters to give GDC an opportunity to evaluate the issues and respond in accordance with its procedures in the first instance. That means the PLRA bars Plaintiff's claims, and leave to amend is futile.

Plaintiff may not retroactively invoke prior grievances filed during Plaintiff's previous incarceration in state custody. Plaintiff was out of GDC custody for nearly seven months. During this time, there could have been significant changes to Plaintiff's physical and mental health and security profile. Indeed, the fact that Plaintiff received a considerable additional sentence on federal charges related to *conduct while incarcerated* (bringing in contraband and using it to make and send explosive devices) is surely relevant to Plaintiff's current housing and security measures and demands for additional accommodations. Thus, before bringing suit and seeking injunctive relief, Plaintiff must give GDC officials proper opportunity to investigate and adjudicate any grievances in light of current circumstances. *See Woodford*, 548 U.S. at 90 ("Because exhaustion requirements are designed to deal with parties who do not want to exhaust, administrative law creates an incentive for these parties to do what they would otherwise prefer not to do, namely, to give the agency a fair and full opportunity to adjudicate their claims.").

As noted, the PLRA's exhaustion requirement is a *pre-suit* requirement. So a plaintiff may not use amendment to cure a failure to exhaust. *See Smith v. Terry*, 491 F. App'x 81, 83 (11th Cir. 2012) ("The only facts pertinent to determining whether a prisoner has satisfied the PLRA's exhaustion requirement are those that existed when he filed his original complaint. Because [the plaintiff's] attempt to amend or supplement his original complaint did not change the important historical fact: his

administrative remedies were unexhausted when he filed his original complaint. Therefore, he cannot cure the exhaustion defect.") (cleaned up); *Gould v. Owens*, 383 F. App'x 863, 867-68 (11th Cir. 2010) ("[The plaintiff's] new allegations of abuse related to 'prison conditions,' and the Prison Litigation Reform Act (PLRA) required him to exhaust his administrative remedies before filing suit. … Because [the plaintiff] never made any attempt to pursue the remedies for this incident available to him in the prison system, the district court correctly concluded that amending his complaint to include these new allegations would have been futile.").

To the extent Plaintiff believes GDC's administrative remedies are somehow inadequate, that is no excuse for Plaintiff's failure to exhaust. *See Varner*, 11 F.4th at 1264 ("[T]he judicially recognized futility and inadequacy exceptions do not survive the new mandatory exhaustion requirement of the PLRA[;] since exhaustion is now a pre-condition to suit, the courts cannot simply waive those requirements where they determine they are futile or inadequate.") (cleaned up).

Plaintiff insists that the new complaint is needed to assert injunctive-relief claims. *See* Mot. at 6. But the PLRA applies equally to claims for injunctive relief. *See Varner*, 11 F.4th at 1264. And "courts are not free to fashion exceptions to the exhaustion requirement, even when the circumstances of a particular case may seem to merit one." *Id.* So amendment to include unexhausted claims for injunctive relief is just as futile as amendment to include claims for other forms of relief.

## II.    Plaintiff Unduly Delayed Requesting Leave to Amend.

Plaintiff "unduly delayed requesting leave to file a [Third] Amended Complaint." *Bishop v. Shorter Univ., Inc.*, 2016 WL 11500222, at *3 (N.D. Ga. May 11). The motion claims that Plaintiff "has diligently pursued [Plaintiff's] claims and sought amendment at the earliest possible opportunity" after being transferred "back into state custody on or around September 18, 2025." Mot. at 6. But the "basic fact[]" that Plaintiff had been transferred from federal to state custody was likely known to Plaintiff's counsel well before Defendants moved to dismiss. *Bishop*, 2016 WL 11500222, at *3. Plaintiff was transferred from federal to state custody on September 18, 2025, eleven days before Defendants' motion to dismiss was due. *See* Doc. 280-1 at 1 n.1; Mot. at 5-6.

Yet Plaintiff allowed Defendants to continue expending substantial time and resources preparing and filing their motion to dismiss (a 38-page motion responding to a 286-paragraph complaint), only to then attempt to moot it by filing yet another amended pleading on October 14, just over two weeks after Defendants filed their motion to dismiss. Defendants have now filed three motions to dismiss in this case, yet none has been adjudicated on the merits due to Plaintiff's serial amendments. Granting leave to amend would force Defendants to commence another round of motion practice from square one, a cognizable form of prejudice given that Plaintiff has already filed several complaints. *See Crenshaw v. Antokol*, 206 F. App'x 560,

563 (7th Cir. 2006) ("[W]e readily agree with the district court that letting [the plain-

tiff] file a third complaint would have unduly prejudiced the defendants. As the dis-

trict court explained, this case was already pending for two years when [the plaintiff]

sought leave to amend a second time. Moreover, the defendants had been forced to

… file three rounds of motions to dismiss ….").

While Defendants may have been "aware" of some of Plaintiff's claims to the

extent they repeat allegations in the original complaint, Mot. at 6, Defendants were

surely not aware of claims stemming from alleged conduct following Plaintiff's

transfer back into state custody. As Plaintiff's motion states, the proposed complaint

"include[s] further factual updates related to [Plaintiff's] treatment which have oc-

curred since the filing of [Plaintiff's] original complaint." *Id.* Many of these alleged

developments have taken place in just the past few weeks. As noted, Plaintiff failed

to exhaust administrative remedies with respect to claims based on those allegations,

so Plaintiff's proposed amendment to encompass such unexhausted claims is futile.

And it is highly prejudicial to force Defendants to engage in yet another round of

motion to dismiss briefing—the fourth just since this case was filed.

## III.    Amendment is Futile Because Plaintiff Fails to State a Claim

Where a proposed amended complaint fails to state a claim, denial of leave to

amend is appropriate. *See Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1255 (11th

Cir. 2008) ("[L]eave may be denied if a proposed amendment fails to correct the

deficiencies in the original complaint or otherwise fails to state a claim."). For the

reasons given in Defendants' three previous motions to dismiss, Plaintiff fails to

state a claim. *See* Docs. 148, 218, 280. Nothing in Plaintiff's proposed amended

complaint would correct the deficiencies Defendants identified.

## CONCLUSION

For these reasons, the Court should deny Plaintiff's motion for leave to file a

third amended complaint.

Dated: October 28, 2025                        Respectfully submitted,

Christopher M. Carr                            */s/ Jeffrey M. Harris*
  *Attorney General*                 Jeffrey M. Harris*
  Georgia Bar No. 112505              Rachael C.T. Wyrick*
Stephen J. Petrany                             Julius Kairey*
  *Solicitor General*                 Zachary P. Grouev*
  Georgia Bar No. 718981              CONSOVOY MCCARTHY PLLC
Georgia Department of Law                      1600 Wilson Blvd., Suite 700
40 Capitol Square SW                           Arlington, VA 22209
Atlanta, Georgia, 30334                        (703) 243-9423
404-458-3408                                   jeff@consovoymccarthy.com
spetrany@law.ga.gov                            rachael@consovoymccarthy.com
                                               julius@consovoymccarthy.com
                                               zach@consovoymccarthy.com
*Attorneys for Defendants Georgia De-*
*partment of Corrections, Sharon Lewis,*
*Marlah Mardis, DeShawn Jones, Aa-*            *pro hac vice
ron Pineiro, Jamal Kinte Roberts, and*
*Anthony Mulloy*                               *Special Assistant Attorneys General
                                               and Attorneys for Defendants Georgia
                                               Department of Corrections, Sharon
                                               Lewis, Marlah Mardis, DeShawn
                                               Jones, Aaron Pineiro, Jamal Kinte
                                               Roberts, and Anthony Mulloy*

12

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing opposition conforms to the requirements of L.R. 5.1C and this Court's subsequent orders. The brief is prepared in 14-point Times New Roman font.

*/s/ Jeffrey M. Harris*

## CERTIFICATE OF SERVICE

I certify that on October 28, 2025, I electronically filed the foregoing with the Clerk of the Court using the Court's ECF system, which will automatically send email notification to all counsel of record.

*/s/ Jeffrey M. Harris*