UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| JANE DOE,<br><br>    Plaintiff,<br><br>v.<br><br>GEORGIA DEPARTMENT OF CORRECTIONS *et al.*,<br><br>    Defendants. | Civ. Case No. 1:23-cv-5578-MLB |

### PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Plaintiff Jane Doe, a transgender woman with debilitating gender dysphoria in the custody of the Georgia Department of Corrections ("GDC"), respectfully moves for a temporary restraining order and a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure requiring Defendants to immediately provide her (1) adequate hormone replacement therapy at 300 mg/day of spironolactone and at least 5 mg/weekly of estradiol, with increased adjustments if Ms. Doe is not experiencing feminizing effects; (2) consistent administration of all medications GDC has currently prescribed her; (3) gender-affirming social transition items, including a wig, facial and body hair removal cream, brassieres, breast and buttock padding; (4) gender-affirming surgery, which has previously been approved and recommended by Defendants' Gender Dysphoria Committee; and (5)

1

reclassification from administrative segregation at Phillips State Prison to a general population unit with other transgender women. The parties conferred continuously from October 2025 to February 2026 but were unable to resolve the issues presented here.

Defendants GDC, MHM Correctional Services, LLC ("MHM"), and their personnel and agents (collectively, "Defendants") refuse to provide Ms. Doe with medically necessary care for her gender dysphoria and asthma and thereby place Ms. Doe at a substantial risk of life-threatening harm. As this Court has previously recognized, Ms. Doe has been diagnosed with gender dysphoria, a serious medical condition associated with significant distress and impairment if inadequately treated. Distress from inadequate treatment of Ms. Doe's gender dysphoria has materialized previously as self-harm, self-castration, and suicide attempts, along with feelings of depression, anxiety, and continued suicidal ideation.

Despite clear recommendations for gender-affirming surgery and Ms. Doe being cleared by both her cardiologist and by Defendants' own Gender Dysphoria Committee for gender-affirming surgery in late 2024, Defendants have denied Ms. Doe with access to said recommended procedures. Defendants have likewise failed to provide Ms. Doe with adequate and uninterrupted hormone replacement therapy ("HRT"), including the recent withholding of both her estradiol injections and spironolactone for prolonged periods of time without medical justification for doing

2

so, causing Ms. Doe to suffer physiological symptoms of hormone withdrawal and recurring psychological symptoms of depression, suicidality, and acute mental distress. Furthermore, the lowering of dosages and interruption of the existing medically necessary HRT regime has caused Ms. Doe to experience a reversal of the feminizing effects.

Additionally, Ms. Doe has been denied access to gender-affirming commissary items, including a wig she was previously issued in federal custody. Federal officials issued the wig to Ms. Doe to treat her gender dysphoria. Despite surrendering the wig to GDC officials upon request when she was returned to GDC custody, Ms. Doe received three disciplinary charges solely for her possession of said wig. As a result, Ms. Doe received a 120-day restriction on access to phone, mail, packages, recreational spaces, and the commissary from October 7, 2025, to January 30, 2026. Despite multiple requests for such items, Defendants have likewise refused to provide Ms. Doe with body hair removal cream or a razor and female undergarments. In a manner indicative of retaliatory conduct by Defendants, Ms. Doe's head has been shaved bald on at least three separate occasions since November 2025, even when her hair length at the time was shorter than half an inch long. For reference, GDC Standard Operating Procedures allow inmates to grow their hair to three inches in length.

3

Ms. Doe is also diagnosed with asthma and has previously suffered life-threatening asthma attacks while in GDC custody. Given her history of life-endangering asthma attacks and existing night-time breathing issues—coupled with potential comorbidities with her chronic obstructive pulmonary disease—Ms. Doe requires consistent access to her inhaler. Despite Defendants' awareness of Ms. Doe's serious respiratory conditions, Ms. Doe is often denied access to her inhaler on a consistent basis without any medical justification.

As detailed more fully in the accompanying Memorandum of Law, Ms. Doe satisfies the requirements for a temporary restraining order and preliminary injunction. *See Dream Defs. v. Governor of Fla.*, 57 F.4th 879, 889 (11th Cir 2023) (outlining requirements for injunctive relief). First, Ms. Doe demonstrates a substantial likelihood of success on the merits for her Eighth Amendment, Americans with Disabilities Act ("ADA"), and Rehabilitation Act claims related to her serious medical needs. Despite gender-affirming surgery being both the recommended course of treatment for her serious medical need and such surgery being cleared by Defendants' own Gender Dysphoria Committee more than a year earlier, Defendants still refuse to provide her with such. Furthermore, the withholding of Ms. Doe's HRT regimen, without medical justification, is plainly inadequate medical treatment for her gender dysphoria. Furthermore, no doctor has evaluated the adequacy of her current HRT regimen since October 2025. In absence

of proper care, Ms. Doe is experiencing intense psychological distress and physical symptoms of hormonal withdrawal, such as severe headaches, nausea, and vomiting. Given her past attempts at suicide and self-castration, Defendants' refusal to provide adequate medical treatment for her gender dysphoria places Ms. Doe at a serious risk of severe and imminent harm. To address these continuing harms, Ms. Doe seeks prospective injunctive relief requiring Defendants to provide her with individualized, medically necessary treatment for gender dysphoria—including the provision of the recommended gender-affirming surgical procedures, adequate HRT, and gender-affirming commissary items.

    Ms. Doe also demonstrates a substantial likelihood of success on the merits of her Eighth Amendment claim for Defendants' inadequate treatment of her asthma. Defendants are well-aware that Ms. Doe's asthma, without consistent access to her steroid and rescue inhalers, poses a substantial risk of serious harm from asthma attacks and potential breathing complications. Ms. Doe's medical record with GDC demonstrates a history of past life-endangering asthma attacks and other serious breathing episodes that can only be remedied by access to her prescribed inhalers. Defendants' continued refusal to provide her with consistent and ready access to such inhalers demonstrates an unjustifiable disregard to a potentially deadly asthma-related episode and poses a substantial risk of serious harm to her health and safety while in solitary confinement.

Additionally, Ms. Doe demonstrates a substantial likelihood of success on the merits of her Eighth Amendment claim challenging her prolonged and unjustifiable stay in solitary confinement. Given that Ms. Doe suffers from mental illnesses, a years-long stint in isolation within state custody has substantially worsened her mental health and put her at a grave risk of self-harm and suicide. Ms. Doe remains in solitary confinement despite her previous grievances alerting Defendants to the severe toll of continued isolation upon her. In addition to the risks of psychological harm, Ms. Doe's prolonged isolation is leading to tangible and severe risks to her health and safety, including the denial of face-to-face medical examinations and forced reliance upon Defendants to give her adequate medical care and consistent medication access. Despite Defendants' ability to house Ms. Doe along with other transgender women in general population housing at Phillips State Prison, Ms. Doe remains in prolonged and restrictive solitary confinement without penological justification.

Ms. Doe satisfies the remaining requirements for a preliminary injunction. In absence of such injunctive relief, Ms. Doe will continue to suffer irreparable injury in the form of severe psychological distress and suicidal ideation and physically harmful symptoms of hormonal withdrawal from her untreated gender dysphoria. Likewise, the current denial of the necessary inhalers for her asthma places Ms. Doe at a substantial and unreasonable risk of harm, given her past history of severe

asthma attacks, her existing breathing issues, and co-morbid respiratory conditions so much so that Ms. Doe need not wait until the next instance she has a life-endangering asthma attack before seeking relief. The harm from these injuries significantly outweighs any harm or cost to Defendants, and the public interest favors vindication of her constitutional rights. Because Ms. Doe satisfies the requirements of Rule 65, she respectfully requests that the Court render a a temporary restraining order and preliminary injunction granting the relief below.

## RELIEF REQUESTED

The Court should issue a temporary restraining order and preliminary injunction directing Defendants to comply with the following within ten (10) days of the date of the Court's order:

1. Provide Ms. Doe adequate hormone replacement therapy at 300 mg/day of spironolactone and at least 5 mg/weekly of estradiol, with increased adjustments if Ms. Doe is not experiencing feminizing effects ;

2. Provide Ms. Doe consistent administration and access to all medications GDC has currently prescribed her;

3. Provide Ms. Doe with ongoing access to a wig, facial and body hair removal cream, brassieres, breast and buttock padding, makeup, and other gender-affirming commissary items;

4. Provide Ms. Doe with gender-affirming surgery, which has previously been approved and recommended by Defendants' Gender Dysphoria Committee; and

5. Reclassify Ms. Doe from administrative segregation into a general population unit with other transgender women at Phillips State Prison.

**REQUEST FOR RELIEF FROM REQUIREMENT TO POST BOND**

Ms. Doe requests an exemption from Rule 65(c). "[T]he amount of security required by [Rule 65(c)] is a matter within the discretion of the trial court . . . [and] the court may elect to require no security at all." *BellSouth Telecomms., Inc. v MCIMetro Access Transmission Servs., LLC*, 435 F.3d 964, 971 (11th Cir. 2005). Waiving the bond requirement is particularly appropriate in public interest litigation, where plaintiffs allege the infringement of their constitutional rights. *Id.*

Respectfully submitted this 4th day of March, 2026.

*/s/ Scott Novak*

| | |
|---|---|
| Lydia Wright | Will Claiborne |
| Derrick Luster | THE CLAIBORNE FIRM, P.C. |
| RIGHTS BEHIND BARS | 410 East Bay Street |
| 1800 M Street NW Front 1 #33821 | Savannah, Georgia 31401 |
| Washington, D.C. 20033 | (912) 236-9559 Telephone |
| (202) 455-4399 | (912) 236-1884 Facsimile |
| lydia@rightsbehindbars.org | david@claibornefirm.com |
| derrick@rightsbehindbars.org | |

Katherine E. Jeffress *
BAKER BOTTS L.L.P.
401 S 1st Street Suite 1300
Austin, Texas 78704
(512) 322-2672
katie.jeffress@bakerbotts.com

Nicholas F. Palmieri *
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, New York 10112
(212) 408-2640
nick.palmieri@bakerbotts.com

Sterling Marchand *
Scott Novak *
BAKER BOTTS L.L.P.
700 K St NW
Washington, DC 20001
(202) 639-1316
sterling.marchand@bakerbotts.com

scott.novak@bakerbotts.com

Shelby Saxon *
BAKER BOTTS L.L.P.
2001 Ross Avenue
Suite 600
Dallas, TX 75201-2980
shelby.saxon@bakerbotts.com

Christopher J. Murell
Georgia Bar Number: 195116
Meghan Matt*
MURELL LAW FIRM
2831 St. Claude Avenue
New Orleans, Louisiana 70117
(504) 717-1297 Telephone
(504) 233-6691 Facsimile
chris@murell.law
meghan@murell.law
***Admitted** *pro hac vice*

## **CERTIFICATE OF COMPLIANCE**

I certify that the foregoing conforms to the requirements of L.R. 5.1 and 7.1. The brief is prepared as double-spaced between lines and in 14-point Times New Roman font.

<em><u>/s/ Scott Novak</u></em>

## **CERTIFICATE OF SERVICE**

      I certify that, on March 4, 2025, I electronically filed the foregoing with the Court and served it on opposing counsel through the Court's CM/ECF system. All counsel of record are registered ECF users.

<em>/s/ Scott Novak</em>