**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**

| | |
|---|---|
| JANE DOE,<br><br>      Plaintiff,<br><br>v.<br><br>GEORGIA DEPARTMENT OF CORRECTIONS *et al.*,<br><br>      Defendants. | Civ. Case No. 1:23-cv-05578-MLB |

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Before the Court in the above-referenced cause is Plaintiff Jane Doe's Motion for Preliminary Injunction (Doc. #__). Having reviewed the motion and applicable law, the Court concludes that Plaintiff satisfies the requirements for a temporary restraining order and preliminary injunction under Federal Rule of Civil Procedure 65. *See Dream Defs. v. Governor of Fla.*, 57 F.4th 879, 889 (11th Cir. 2023) (outlining requirements for injunctive relief). Plaintiff demonstrates a substantial likelihood of success on the merits on her Eighth Amendment claim for deliberate indifference to serious medical needs and her Eighth Amendment claim challenging her solitary confinement. Plaintiff also demonstrates a substantial likelihood of success on the merits on her claims

under the Americans with Disabilities Act and Rehabilitation Act. Plaintiff further demonstrates that she will suffer irreparable injury in the absence of an injunction, that the balance of equities weighs in her favor, and that the public interest strongly favors injunctive relief.

The Court further exercises its discretion to waive the Rule 65(c) security requirement, which is particularly appropriate in public-interest litigation such as this case where Plaintiff alleges the infringement of her constitutional rights. See *BellSouth Telecomms., Inc. v. MCIMetro Access Transmission Servs., LLC*, 425 F.3d 964, 971 (11th Cir. 2005).

Having concluded that Plaintiff satisfies the requirements for injunctive relief under Rule 65, the Court renders prospective injunctive relief and hereby ORDERS Defendants Georgia Department of Corrections ("GDC") and MHM Correctional Services, LLC and their collective agents to comply with the following within ten (10) days of the date of this order:

1. Provide Ms. Doe adequate hormone replacement therapy at 300 mg/day of spironolactone and at least 5 mg/weekly of estradiol, with increased adjustments if Ms. Doe is not experiencing feminizing effects ;

2. Provide Ms. Doe consistent administration and access to all medications GDC currently prescribed for her;

3. Provide Ms. Doe with ongoing access to a wig, brassieres, buttock pads, breast pads, facial and body hair removal cream, makeup, and other gender-affirming commissary items;

4. Provide Ms. Doe with previously cleared and recommended gender-affirming surgery.

The Court **FURTHER ORDERS** Defendant GDC through Defendant Philips State Prison Warden Aaron Pineiro in his official capacity to comply with the following within ten (10) days of the date of this order:

1. Reclassify Ms. Doe from administrative segregation to a general population unit housing other transgender inmates at Phillips State Prison.

The Court **FURTHER ORDERS** Defendants to submit a notice to the court indicating compliance with this order on or before _____.

SIGNED this ___ day of _____, 2026.

_____
Honorable Michael L. Brown
United States District Judge