# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JANE DOE,<br><br>      *Plaintiff*,<br><br>v.<br><br>GEORGIA DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>      *Defendants*. | Case No. 1:23-cv-5578-MLB |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S APPLICATION FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM

This Court's order of March 5, 2026 states that the hearing on March 17 will involve a discussion of "the status of this case" in light of multiple pending motions and "appropriate next steps for the processing of these motions."

Defendants agree with that approach and believe the discussion of these issues will facilitate an orderly resolution of this case. There are important outstanding procedural motions in this case whose resolution will govern future proceedings, most notably Plaintiff's motion for leave to file a Third Amended Complaint. *See* Dkt. 287. Even Plaintiff acknowledges that the currently operative complaint (Dkt. 259) includes no claims for injunctive relief and that the latest preliminary injunction motion is "contingent upon grant of the Motion for Leave to File [a] Third Amended Complaint," Dkt. 299-1 at 1 n.2. As the Court's order contemplates, the hearing on

1

March 17 presents an opportunity to clarify and streamline the issues in this case and determine the "appropriate next steps."¹

Plaintiff, however, effectively asks the Court to convert the March 17 hearing into an evidentiary hearing complete with live in-person testimony from Plaintiff. *See* Mot. at 2 ("The purpose of the writ for habeas corpus *ad testificandum* is to direct the custodian of a prisoner to produce the prisoner for an appearance as a witness in court at the Court's discretion.").

A district court has the power to issue a writ of habeas corpus for a prisoner only when it is "necessary." 28 U.S.C. § 2241(c)(5) ("The writ of habeas corpus shall not extend to a prisoner unless . . . [i]t is necessary to bring him into court to testify or for trial."). Because a prisoner has no right to be physically present at the trial of a civil suit, the "discretionary grant of the writ of habeas corpus *ad testificandum* is predicated on several factors, including, 'whether the prisoner's presence will substantially further the resolution of the case, the security risks presented by the prisoner's presence, [and] the expense of the prisoner's transportation and

---

¹ For example, due to the multiple amended complaints in this matter, there has been no ruling on the merits of the three separate motions to dismiss that Defendants have filed. *See* Dkt No. 148 (filed July 10, 2024); Dkt. No. 218 (filed Feb. 4, 2025); Dkt. No. 280 (filed Sept. 29, 2025). Once the operative complaint is determined, the parties can engage in orderly briefing on a motion to dismiss, which will help narrow the issues and determine which (if any) of Plaintiff's claims should be dismissed or proceed further.

safekeeping.'" *Pollard v. White*, 738 F.2d 1124, 1125 (11th Cir. 1984) (quoting *Ballard v. Spradley*, 557 F.2d 476, 480 (5th Cir. 1977)) (alteration in original). The party seeking the writ bears the burden of demonstrating necessity. *Davidson v. Desai*, 964 F.3d 122, 131 (2d Cir. 2020) (citing, *inter alia*, *United States v. Wright*, 63 F.3d 1067, 1071 (11th Cir. 1995)).

Plaintiff's request should be denied. Just *six days ago*, Plaintiff filed 284 pages of briefs and exhibits (including a 14-page supplemental declaration from Plaintiff). Defendants are diligently working to investigate and respond to the allegations in Plaintiff's voluminous filings, but their responses are not due until March 18, the day after the currently scheduled hearing. It would be profoundly inequitable to allow Plaintiff to proffer live, in-person testimony about hotly disputed issues before Defendants' responsive briefs and exhibits have even been filed and considered.

Moreover, Defendants' counsel Rachael Wyrick—who has overseen all fact development for Defendants and who led Defendants' presentation at five prior hearings before the Court—is unavailable on March 17 due to a long-scheduled family commitment. Ms. Wyrick's colleague Jeffrey Harris is available to attend the hearing on March 17 to discuss the pending motions and the appropriate next steps for resolution of those motions. But if Plaintiff's counsel intend to convert the March 17 proceeding into an evidentiary hearing with live testimony, then Defendants respectfully request that the hearing be postponed and rescheduled at a future date

when Ms. Wyrick is available. Defendants would incur significant prejudice if an evidentiary hearing were to take place in the absence of the attorney who has represented Defendants at the last five hearings and has overseen all factual development since the start of this case in December 2023.

Additionally, although Defendants are still investigating and preparing their responsive filings, Defendants anticipate submitting multiple declarations of their own in response to Plaintiff's voluminous submissions. If the Court believes an evidentiary hearing is needed to resolve Plaintiff's latest motion, any such hearing should take place after briefing has been completed and with sufficient advance notice to ensure the availability of any witnesses who may need to testify on behalf of Defendants in response to Plaintiff's allegations.

Finally, Defendants also strongly dispute the suggestion that transporting Plaintiff more than 40 miles each way to and from Phillips State Prison "will not present any security risks." Mot. 3. Plaintiff is an extremely dangerous and high-risk individual with a lengthy history of offenses while incarcerated, including gang-related conspiracies to murder state and federal officials and other recent offenses that have led to additional sentences on federal felony charges. *See* Dkt. 280-1 at 27. Indeed, in *Pollard*, the Eleventh Circuit determined a writ was unnecessary because the prisoner "presented a substantial security risk"—in part because "prison records indicated that [the prisoner] injured himself *while trying to rig a homemade bomb*."

*Pollard*, 738 F.2d at 1125 (emphasis added). Plaintiff, too, has a history of smuggling contraband within the prison and using it to make and send bombs to federal courthouses and prosecutors. Dkt. 280-1 at 27. Transporting Plaintiff thus requires exceptionally heightened security measures and close coordination and planning among state and federal officials, and incurring the associated costs of such measures.

If Plaintiff would like to observe the hearing, Defendants are willing to coordinate with prison officials to allow telephonic access to the proceedings (to the extent consistent with Phillips' security requirements and the Court's policies). The fact that electronic participation may be available is an independent reason Plaintiff has failed to demonstrate the writ is necessary. *See Davidson*, 964 F.3d at 132 (holding a prisoner failed to demonstrate that his physical presence at his civil trial was necessary "[g]iven that he could participate electronically").

## CONCLUSION

As this Court's March 5 order directs, Defendants will be prepared at the March 17 hearing to discuss the status of the pending motions and the appropriate next steps for the processing of those motions. But the Court should deny Plaintiff's attempt to convert that hearing into an evidentiary hearing with live, in-person testimony from only one party to the case before briefing has even been completed on the latest motions.

To the extent the Court believes that additional testimony or evidence is needed to resolve Plaintiff's motion, Defendants respectfully request that any evidentiary hearing be scheduled for a future date after briefing is complete at a mutually agreeable date for the parties and the Court to ensure that counsel are available and that all parties have ample time to make a full and complete presentation.

Dated: March 10, 2026

Christopher M. Carr
  *Attorney General*
  Georgia Bar No. 112505
John Henry Thompson
  *Solicitor General*
  Georgia Bar No. 603321
Georgia Department of Law
40 Capitol Square SW
Atlanta, Georgia, 30334
404-458-3408
jhthompson@law.ga.gov

*Attorneys for Defendants Georgia Department of Corrections, Sharon Lewis, Marlah Mardis, DeShawn Jones, Aaron Pineiro, Jamal Kinte Roberts, and Anthony Mulloy*

Respectfully submitted,

*/s/ Jeffrey M. Harris*
Jeffrey M. Harris*
Rachael C.T. Wyrick*
Julius Kairey*
Zachary P. Grouev*
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Suite 700
Arlington, VA 22209
(703) 243-9423
jeff@consovoymccarthy.com
rachael@consovoymccarthy.com
julius@consovoymccarthy.com
zach@consovoymccarthy.com

*pro hac vice

*Special Assistant Attorneys General and Attorneys for Defendants Georgia Department of Corrections, Sharon Lewis, Marlah Mardis, DeShawn Jones, Aaron Pineiro, Jamal Kinte Roberts, and Anthony Mulloy*

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing opposition conforms to the requirements of L.R. 5.1C and this Court's subsequent orders. The brief is prepared in 14-point Times New Roman font.

*/s/ Jeffrey M. Harris*

**CERTIFICATE OF SERVICE**

I certify that on March 10, 2026, I electronically filed the foregoing with the Clerk of the Court using the Court's ECF system, which will automatically send email notification to all counsel of record.

*/s/ Jeffrey M. Harris*