**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

JANE DOE,

       *Plaintiff*,

v.

GEORGIA DEPARTMENT OF COR-
RECTIONS, *et al.*,

       *Defendants.*

Case No. 1:23-cv-5578-MLB

**STATE DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND CON-
SIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE**

State Defendants request this Court to consider various documents attached to

this request when deciding the motion to dismiss because the documents are either

judicially noticeable under Federal Rule of Evidence 201 or incorporated by refer-

ence in the Final Amended Complaint.[1] When assessing a motion to dismiss, "courts

must consider the complaint in its entirety, as well as other sources courts ordinarily

examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents

incorporated into the complaint by reference, and matters of which a court may take

---

[1] The documents are Georgia Department of Corrections Standard Operating
Procedures 507.07.01 (Exhibit A); SOP 209.03 (Exhibit B); SOP 209.06 (Ex-
hibit C); WPATH's "Standards of Care" (Exhibit D); Plaintiff's criminal record and
disciplinary history (Exhibits E-L); evaluations from medical or mental-health offi-
cials (Exhibits M-P); and a Statement of Interest filed by the United States (Ex-
hibit Q).

1

judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007); *see also Johnson v. City of Atlanta*, 107 F.4th 1292, 1298-1300 (11th Cir. 2024); *Baker v. City of Madison*, 67 F.4th 1268, 1276 (11th Cir. 2023). Both incorporation and judicial notice apply here.

"Federal Rule of Evidence 201 permits a court to 'judicially notice a fact that is not subject to reasonable dispute because it ... can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Paez v. FDC*, 947 F.3d 649, 651 (11th Cir. 2020) (quoting Fed. R. Evid. 201(b)(2)) (alteration in original). "[A] court may properly consider a document not referred to or attached to a complaint under the incorporation-by-reference doctrine if the document is (1) central to the plaintiff's claims; and (2) undisputed, meaning that its authenticity is not challenged." *Johnson*, 107 F.4th at 1300.

**Exhibits A-C:** This Court can consider Georgia Department of Corrections Standard Operating Procedures because they are judicially noticeable. The Standard Operating Procedures are public documents of a government entity, which courts routinely take judicial notice of. *See, e.g.*, *Henderson v. Sun Pharms. Indus.*, 809 F. Supp. 2d 1373, 1379 n.4 (N.D. Ga. 2011) ("The Court is permitted to take judicial notice of documents made publicly available by a government entity."). Alternatively, one attached GDC policy is expressly mentioned and cited in the Final

2

Amended Complaint and can be considered by this Court when deciding the motion to dismiss. FAC ¶¶110 & n.18, 112 (GDC SOP 209.06).

**Exhibit D:** This Court can also consider World Professional Association for Transgender Health's (WPATH) "Standards of Care" because Plaintiff both cites and invokes them as setting the constitutionally required standard of care in the Final Amended Complaint and the document's authenticity should be unchallenged. *See* FAC ¶¶16 & n.3, 119 ("WPATH SOC-8"). It thus can be considered by this Court when deciding the motion to dismiss.

**Exhibits E-L:** Plaintiff's criminal record is judicially noticeable. *See, e.g.*, *Cranford v. Nevada Dep't of Corr.*, 398 F. App'x 540, 546 (11th Cir. 2010) ("[A] court may take judicial notice of the state and federal court proceedings in which the prisoner was convicted or attacked his conviction.") (cleaned up) (citing *Cunningham v. Dist. Att'y. Off. for Escambia Cnty.*, 592 F.3d 1237, 1255 (11th Cir. 2010)); *Dimanche v. Brown*, 783 F.3d 1204, 1213 n.1 (11th Cir. 2015) ("We take judicial notice of these facts because they can be accurately and readily determined from public reports prepared by the Florida Department of Corrections, the accuracy of which cannot reasonably be questioned."); *United States v. Howard*, 28 F.4th 180, 186 n.2 (11th Cir. 2022) ("'Absent some reason for mistrust, courts have not hesitated to take judicial notice of agency records and reports.'"); *Ohome v. United States*, 2021 WL 5771147, at *7 n.4 (N.D. Ga. Dec. 6) (Brown, J.) ("It is appropriate

3

to take judicial notice of information made publicly available by government enti-ties." (cleaned up)).

**Exhibits M-P:** In the Final Amended Complaint, Plaintiff mentions various evaluations and recommendations Plaintiff received from medical providers, con-tending that these professionals conducted evaluations and recommended sex-reas-signment surgery. However, Plaintiff does not attach them to the Complaint. *See, e.g.*, FAC ¶¶53-54 (Frady); *id.* ¶¶53-54 (Howard); *id.* ¶¶28-29 (Ausborn). These evaluations are incorporated by reference, so this Court should consider them. Doc-uments are incorporated by reference if "'the plaintiff refers to certain documents in the complaint,'" "those documents are 'central to the plaintiff's claim,'" and "'the documents' contents are undisputed.'" *Baker*, 67 F.4th at 1276; *see also Johnson*, 107 F.4th at 1300. All three are true here. These documents are mentioned in the Complaint. They are also central to Plaintiff's case. Plaintiff alleges that these eval-uations support Plaintiff's claims for violations of the Eighth Amendment, the Amer-icans with Disabilities Act, and the Rehabilitation Act. Plaintiff seems to contend that these evaluations recommend that these interventions are medically necessary, indicating that Defendants were aware of the risk of harm to Plaintiff and Defendants disregarded that risk. *E.g.*, FAC ¶117 (arguing "Defendants … were deliberately indifferent" because they "den[ied] or affirm[ed] the denial of gender-affirming care (hormones, surgery, or accommodations) despite medical recommendations"). The

contents of the attached documents are also undisputed. *See Baker*, 67 F.4th at 1276

("Evidence is 'undisputed' in this context if its authenticity is unchallenged."). There

are no doubts that the attached exhibits are the documents the Final Amended Com-

plaint is referring to.

**Exhibit Q:** The Statement of Interest filed in the Northern District of Georgia

is judicially noticeable as a court record. *See United States v. Munoz*, 112 F.4th 923,

931 n.3 (11th Cir. 2024) ("'A court may take judicial notice of its own records….'").

**CONCLUSION**

For these reasons, the Court should grant Defendants' request.

Dated: June 1, 2026

Christopher M. Carr
  *Attorney General*
  Georgia Bar No. 112505
John Henry Thompson
  *Solicitor General*
  Georgia Bar No. 603321
Georgia Department of Law
40 Capitol Square SW
Atlanta, Georgia, 30334
404-458-3408
jhthompson@law.ga.gov

*Attorneys for Defendants Georgia Department of Corrections, DeShawn Jones, Aaron Pineiro, Sharon Lewis, Marlah Mardis, and Anthony Mulloy*

Respectfully submitted,

*/s/ Jeffrey M. Harris*
Jeffrey M. Harris*
Rachael C.T. Wyrick*
Julius Kairey*
Zachary P. Grouev*
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Suite 700
Arlington, VA 22209
(703) 243-9423
jeff@consovoymccarthy.com
rachael@consovoymccarthy.com
julius@consovoymccarthy.com
zach@consovoymccarthy.com

**pro hac vice*

*Special Assistant Attorneys General and Attorneys for Defendants Georgia Department of Corrections, DeShawn Jones, Aaron Pineiro, Sharon Lewis, Marlah Mardis, and Anthony Mulloy*

6

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing brief conforms to the requirements of L.R. 5.1C and this Court's subsequent orders. The brief is prepared in 14-point Times New Roman font.

*/s/ Jeffrey M. Harris*

## CERTIFICATE OF SERVICE

I certify that on June 1, 2026, I electronically filed the foregoing with the Clerk of the Court using the Court's ECF system, which will automatically send email notification to all counsel of record.

s/ *Jeffrey M. Harris*