# Exhibit C



| GEORGIA DEPARTMENT OF CORRECTIONS | | |
|---|---|---|
| **Standard Operating Procedures** | | |
| **Policy Name:** Administrative Segregation | | |
| **Policy Number:** 209.06 | **Effective Date:** 2/19/2021 | **Page Number:** 1 of 21 |
| **Authority:** Commissioner | **Originating Division:** Facilities Division | **Access Listing:** Level II: Required Offender Access |

## I.    Introduction and Summary:

It is the policy of the Georgia Department of Corrections (GDC) to establish and provide effective Administrative Segregation management procedures for offenders who have otherwise participated in or were associated with activity such that greater management of the offender's interaction with other persons is necessary to ensure the safety, security, and orderly operation of GDC facilities, or protection of the public. Administrative Segregation is not intended for a means of abuse, any form of corporal punishment, or harassment of an offender. Administrative Segregation shall be utilized for those offenders who are removed from general population, serving disciplinary sanctions, pending disciplinary hearing, pending reclassification, pending transfer, pending Protective Custody review, and pending investigation and shall be limited to those circumstances that pose a direct threat to the safety of persons or a clear threat to the safe and secure operations of the facility.

## II.    Authority:

A.  GDC Board Rules: 125-3-1-.03, 125-3-2-.10(e), 125-3-5-.06 (1), and 125-4-4-.08;

B.  GDC Standard Operating Procedures (SOPs): 103.06,  Investigation of Allegations of Sexual Contact, Sexual Abuse, and Sexual Harassment of Offenders; 106.11, Religious Accommodations; 107.02, Access to Services and Programs; 208.01, Management of Inmates Diagnosed Positive for the HIV Antibody; 205.06, Administrative Duty Officer; 205.07, Post Orders; 227.05, Visitation of Offenders; 226.01, Searches, Security Inspections, and Use of Permanent Logs; 209.10, Offender Drug Testing, 209.03, Disciplinary Isolation; 227.06, Offender Receipt of Mail; 227.02, Statewide Grievance Procedures; 206.02, Management of Offender Property or Contraband; 209.04, Use of Force and Restraint for Offender Control; 209.05, Stripped Cells and Temporary Confiscation of Personal Property; 211.04, Intensive Therapeutic Program; 228.01, Safety and Sanitation Inspections; 409.04.12, Food Service Staff; 507.04.01, State Inmates in County Correctional Institutions; 507.04.33, Health Evaluation of Offenders in Segregation/Disciplinary Isolation; 507.04.43, Medication Distribution System; 508.20, Mental Health Rounds in Isolation/Administrative Segregation; 508.28,



| GEORGIA DEPARTMENT OF CORRECTIONS | | |
|---|---|---|
| **Standard Operating Procedures** | | |
| **Policy Name:** Administrative Segregation | | |
| **Policy Number:** 209.06 | **Effective Date:** 2/19/2021 | **Page Number:** 2 of 21 |
| **Authority:** Commissioner | **Originating Division:** Facilities Division | **Access Listing:** Level II: Required Offender Access |

Managing Potentially Suicidal, Self-Injurious, and Assaultive Behavior; and 508.29, Suicide Precautions; and

C. ACA Standards: 5-ACI-4B-02, 5-ACI-4B-04, 5-ACI-4B-08, 5-ACI-4B-10, 5-ACI-4B-11, 5-ACI-4B-12, 5-ACI-4B-13, 5-ACI-4B-14, 5-ACI-4B-15, 5-ACI-4B-16, 5-ACI-4B-17, 5-ACI-4B-18, 5-ACI-4B-19, 5-ACI-4B-20, 5-ACI-4B-21, 5-ACI-4B-22, 5-ACI-4B-23, 5-ACI-4B-24, 5-ACI-4B-25, 5-ACI-4B-26, 5-ACI-4B-27, 5-ACI-4B-28, 5-ACI-4B-29, 5-ACI-4B-30, 5-ACI-4B-31, 5-ACI-4A-02 (ref. 4-4140); 5-ACI-4A-03 (ref. 4-4141); 5-ACI-2E-02 (ref. 4-4155), 5-ACI-3C-10 (ref. 4-4235), 5-ACI-4A-04 (ref. 4-4249), 5-ACI-4A-05 (ref. 4-4251), 5-ACI-4A-06 (ref. 4-4252), 5-ACI-4A-07 (ref. 4-4253), 5-ACI-4A-08 (ref. 4-4254), 5-ACI-4A-09 (ref. 4-4255), 5-ACI-4A-10 (ref. 4-4256), 5-ACI-4A-11 (ref. 4-4257), 5-ACI-4A-12 (ref. 4-4258), 5-ACI-4A-13 (ref. 4-4259), 5-ACI-4A-14 (ref. 4-4260), 5-ACI-4A-15 (ref. 4-4261), 5-ACI-4A-16 (ref. 4-4262), 5-ACI-4A-17 (ref. 4-4263), 5-ACI-4A-18 (ref. 4-4264), 5-ACI-4A-19 (ref. 4-4265), 5-ACI-4A-20 (ref. 4-4266), 5-ACI-4A-21 (ref. 4-4267), 5-ACI-4A-22 (ref. 4-4268), 5-ACI-4A-23 (ref. 4-4269), 5-ACI-4A-24 (ref. 4-4270), 5-ACI-4A-25 (ref. 4-4271), 5-ACI-4A-26 (ref. 4-4272), 5-ACI-4A-27 (ref. 4-4273), 5-ACI-3D-08 (ref. 4-4281), 5-ACI-4A-01 (ref. 4-4400), 4-ALDF-2A-44, 4-ALDF-2A-45 (MANDATORY), 4-ALDF-2A-48, 4-ALDF-2A-49, 4-ALDF 2A-53, 4-ALDF-2A-55, 4-ALDF-2A-58, 4-ALDF-2A-66, and 4-ALDF 5C-04.

## III.    **Definitions:**

A. **Administrative Segregation** - The Classification Committee, Deputy Warden/Assistant Superintendent/Unit Manager, or in an emergency, the Warden/Superintendent may place in Administrative Segregation an offender whose continued presence in the general population poses a serious threat to life, property, self, staff, or other offenders, or to the security or orderly running of the facility. Offenders in Administrative Segregation because of behavioral problems should be provided with programs conducive to their well-being.

| GEORGIA DEPARTMENT OF CORRECTIONS<br><br>**Standard Operating Procedures** | | |
|---|---|---|
| **Policy Name:** Administrative Segregation | | |
| **Policy Number:** 209.06 | **Effective Date:** 2/19/2021 | **Page Number:** 3 of 21 |
| **Authority:**<br>Commissioner | **Originating Division:**<br>Facilities Division | **Access Listing:**<br>Level II: Required Offender Access |

B. **Protective Custody** - Offenders requesting or requiring protection from the general population may be placed in Protective Custody. Offenders in Protective Custody should be allowed to participate in as many of the programs afforded the general population as reasonably possible, providing such participation does not threaten facility security.

C. **Treatment Staff** - May consist of but not limited to the Mental Health Unit Manager, Mental Health Counselors, Behavior Specialists, Psychiatrists, Advanced Practice Registered Nurses (APRNs), Psychologists, Mental Health Nurses, Activity Therapists, Teachers, Chaplains, Multifunctional Corrections Officers (MFCO) or other Correctional Officers, Licensed Health Care Providers, or Clinicians.

IV. **Statement of Policy and Applicable Procedure:**

This policy is applicable to all facilities housing GDC offenders.

A. The Deputy Warden/Assistant Superintendent/Unit Manager/Duty Officer may place an offender in the Administrative Segregation Unit for the following reasons:

1. Protective Custody:

   a. Voluntary; or

   b. Involuntary.

2. Awaiting a disciplinary hearing for violation of Facility/Center rules;

3. Awaiting investigation of a serious violation of Facility/Center rules or regulations;

4. Awaiting trial for a criminal act;

5. Pending a transfer or is in holdover status during transfer;



| GEORGIA DEPARTMENT OF CORRECTIONS | | |
|---|---|---|
| **Standard Operating Procedures** | | |
| **Policy Name:** Administrative Segregation | | |
| **Policy Number:** 209.06 | **Effective Date:** 2/19/2021 | **Page Number:** 4 of 21 |
| **Authority:**<br>Commissioner | **Originating Division:**<br>Facilities Division | **Access Listing:**<br>Level II: Required Offender Access |

6. Pending classification or reclassification; or

7. Serving sanctions for a violation of Facility/Center rules.

   **Note:** Offenders may be placed in Administrative Segregation after consideration of Alternative Sanctions pursuant to SOP 209.01, Offender Discipline.

B. **Voluntary Assignment to Administrative Segregation (Protective Custody (PC)):** An offender may request placement in Administrative Segregation for Protective Custody.

1. The offender should submit the request in writing. The request must explain why the offender needs Protective Custody and it should list who the offender thinks might hurt him/her, if known.

2. The Deputy Warden/Assistant Superintendent/Unit Manager/Duty Officer shall review the request. If the request has merit, the offender will be placed in Administrative Segregation/Protective Custody.

3. The investigation shall include an interview with the offender. The notes of the interview will be retained in a secure area separate from the offender's institutional file.

4. If the Deputy Warden/Assistant Superintendent/Unit Manager/Duty Officer determines that the results of the investigation do not justify Protective Custody, the offender may be returned to the general population.

5. The Deputy Warden/Assistant Superintendent/Unit Manager/Duty Officer shall attempt to institute alternative means of control to resolve the problem presented by the offender.

| GEORGIA DEPARTMENT OF CORRECTIONS |||
|---|---|---|
|  |||
| **Standard Operating Procedures** |||
| **Policy Name:** Administrative Segregation |||
| **Policy Number:** 209.06 | **Effective Date:** 2/19/2021 | **Page Number:** 5 of 21 |
| **Authority:**<br>Commissioner | **Originating Division:**<br>Facilities Division | **Access Listing:**<br>Level II: Required Offender Access |

6. Offenders in Protective Custody shall not be double bunked except in emergency situations. In an emergency, the Deputy Warden/Assistant Superintendent/Unit Manager/Duty Officer will notify the Warden/Superintendent of the situation and the Warden/Superintendent shall contact the Regional Director for approval. This approval shall not exceed 72-hours. Offenders housed in this manner beyond the 72-hour time limit shall be approved in writing by the Director of Field Operations.

C. **Involuntary Assignment to Administrative Segregation (PC):** The Deputy Warden/Assistant Superintendent/Unit Manager/Duty Officer or Shift Supervisor can order immediate Administrative Segregation, Involuntary Protective Custody when it is necessary to protect the offender or others.

D. **Protective Custody Assignment (Voluntary or Involuntary):** Use the Administrative Segregation Assignment Memorandum, Attachment 1, to document each offender assignment to Protective Custody; that is, whether the assignment was voluntary or involuntary to include documentation of the offender's rebuttal. The offender shall receive a copy of Attachment 1. See section E., below, for review and distribution procedures.

E. **Involuntary Assignment to Administrative Segregation:**

1. Reasons for placement in Administrative Segregation: The following actions shall be taken prior to an offender being placed in Administrative Segregation for any of the reasons set forth in Section IV.A.1(b) or A.2-6. of this SOP:

   a. The Deputy Warden/Assistant Superintendent/Unit Manager/Duty Officer assigns the offender to Administrative Segregation, using the Administrative Segregation Assignment Memorandum, Attachment 1.

   b. In the absence of the Deputy Warden/Assistant Superintendent/Unit Manager/Duty Officer, the Shift Supervisor present, with the notification and approval of the facility/center Duty Officer, may place an offender in



| GEORGIA DEPARTMENT OF CORRECTIONS | | |
|---|---|---|
| **Standard Operating Procedures** | | |
| **Policy Name:** Administrative Segregation | | |
| **Policy Number:** 209.06 | **Effective Date:** 2/19/2021 | **Page Number:** 6 of 21 |
| **Authority:** Commissioner | **Originating Division:** Facilities Division | **Access Listing:** Level II: Required Offender Access |

Administrative Segregation and will forward the Administrative Segregation Assignment Memorandum, Attachment 1, to the Deputy Warden/Assistant Superintendent/Unit Manager/Duty Officer for review.

2. Within 24-hours of initial placement in Administrative Segregation, the Deputy Warden/Assistant Superintendent/Unit Manager/Duty Officer shall determine one of the following regarding the offender's status:

   a. Return the offender to the appropriate housing unit, or

   b. Order the offender to remain in Administrative Segregation.

   **Note:** Offender initial placement shall be approved by a person of higher authority than the person who ordered the initial placement in Administrative Segregation within 24 hours. The higher authority shall not have been involved in the initial placement of the offender.

3. The Deputy Warden's/Assistant Superintendent's/Unit Manager's/Duty Officer's decision shall be documented on the Administrative Segregation Assignment Memo, Attachment 1, and will not be subject to appeal by the offender.

4. Prior to placement of an offender in Administrative Segregation for **any reason** (pending disciplinary hearing, Protective Custody, etc.), it shall be the responsibility of the Institutional Duty Officer, Unit Manager, Chief of Security, and/or Shift Supervisor to contact the medical authority immediately in order to allow medical to perform a check within 24 hours. Refer to SOP 507.04.33, Health Evaluation of Offenders in Segregation/Disciplinary Isolation, for specific guidelines to be followed by the licensed health care provider. See below for facilities that do not have 24-hour medical coverage. The Correctional Officer assigned to Administrative Segregation, shall ensure that the following information regarding notification is documented in the assigned logbook:



| GEORGIA DEPARTMENT OF CORRECTIONS | | |
|---|---|---|
| **Standard Operating Procedures** | | |
| **Policy Name:** Administrative Segregation | | |
| **Policy Number:** 209.06 | **Effective Date:** 2/19/2021 | **Page Number:** 7 of 21 |
| **Authority:** Commissioner | **Originating Division:** Facilities Division | **Access Listing:** Level II: Required Offender Access |

a. The name of the licensed health care provider notified; and

b. Date and time the licensed health care provider was notified.

5. Offenders placed in Administrative Segregation after hours on weekends and holidays at facilities that do not have 24-hour medical coverage:

a. It shall be the responsibility of the Institutional Duty Officer, Unit Manager, Chief of Security, and/or Shift Supervisor to report the offender's placement in Administrative Segregation to the on-call medical authority immediately in order to allow medical to perform a check with 24 hours. Documentation of this notification shall be made in the following logbooks: Institutional Duty Officer Log, Administrative Segregation Unit Log, and Shift Supervisor.

b. If the Correctional Officer(s) assigned to Administrative Segregation detects, or the offender reports any medical complaint, the Shift Supervisor shall immediately contact the on-call Doctor and explain observations made by staff, and any complaints voiced by the offender and shall follow the on-call Doctor's recommendations.

c. In accordance with SOP 507.04.33, Health Evaluation of Offenders in Segregation/Disciplinary Isolation, the medical staff shall screen and review the offender's medical records for any contraindications and shall complete the Isolation/Segregation Encounter Form (P30-0009.01).

6. The offender will be provided a copy of Administrative Segregation Assignment Memo, Attachment 1, stating the reason(s) why he/she is being placed in Administrative Segregation at the time of placement. This also includes when the offender's status changes. For example, if the original assignment was pending disciplinary hearing and the offender receives isolation. A copy of the Assignment Memo, Attachment 1, shall be forwarded

| GEORGIA DEPARTMENT OF CORRECTIONS  **Standard Operating Procedures** | | |
| --- | --- | --- |
| **Policy Name:** Administrative Segregation | | |
| **Policy Number:** 209.06 | **Effective Date:** 2/19/2021 | **Page Number:** 8 of 21 |
| **Authority:** Commissioner | **Originating Division:** Facilities Division | **Access Listing:** Level II: Required Offender Access |

to the Warden/Superintendent, Deputy Warden of Care and Treatment, and all other staff members deemed necessary by the Warden.

7. Orientation to the Administration Segregation Unit: Offenders that are newly assigned to Administrative Segregation will be provided with orientation information to the unit in written format. This orientation will be provided to each offender in the form of Attachment 6, Administrative Segregation Orientation Handout.

    a. Offenders will be given the opportunity to ask questions. The orientation materials will be available in a language of the offender's understanding. Offenders with disabilities will be offered appropriate accommodations such as American Sign Language interpreters, video remote interpreting (VRI) services, and copies of materials in larger fonts, as provided in SOP 103.63, Americans with Disabilities Act (ADA), Title II Provisions.

    b. The staff providing the orientation will provide offenders who have limited literacy skills the assistance needed to help them understand the Administrative Segregation Orientation Handout.

    c. The offender will sign and date on the Assignment Memo, Attachment 1, indicating they have received the orientation. If an offender refuses to sign, the counselor shall document the refusal on the form and in SCRIBE.

F. **96-hour Formal Hearing for Voluntary/Involuntary Assignment to Protective Custody and Administrative Segregation:** Once the Deputy Warden's/Assistant Superintendent's/Unit Manager's/Duty Officer's 24-hour review has been completed, the Classification Committee shall have 96-hours to complete the formal hearing utilizing Attachment 2, 96-Hour Segregation Hearing Report.

    1. For the 96-hour Administrative Segregation formal hearing the offender may request an employee who is on duty and willing to represent the offender by being the offender's advocate at this hearing.

| GEORGIA DEPARTMENT OF CORRECTIONS<br><br>**Standard Operating Procedures** | | |
|---|---|---|
| **Policy Name:** Administrative Segregation | | |
| **Policy Number:** 209.06 | **Effective Date:** 2/19/2021 | **Page Number:** 9 of 21 |
| **Authority:**<br>Commissioner | **Originating Division:**<br>Facilities Division | **Access Listing:**<br>Level II: Required Offender Access |

2. The offender may also request that witnesses be called on his/her behalf and the Classification Committee will have the discretion to call these witnesses.

3. If the Classification Committee determines the offender should remain in Administrative Segregation, the offender may appeal that decision to the Warden/Superintendent.

4. The offender shall have three (3) business days after the 96-hour hearing to appeal the decision of the Classification Committee. Attachment 4, Administrative Segregation Assignment Appeal Form, shall be submitted to the Counselor conducting rounds.  Upon receiving Attachment 4, the Counselor shall issue the offender a receipt, acknowledging that the appeal was received. The Counselor shall then forward the appeal form to the Warden/Superintendent.

5. The Warden's/Superintendent's review and decision on the appeal is final.

6. If the offender's status changes, another 96-Hour Segregation Hearing must be conducted. For example, if the original assignment was for pending investigation and the status changes to pending disciplinary hearing, then the offender may appeal this hearing. (see IV.F.4.)

7. The offender shall receive a copy of Attachment 2, 96-Hour Hearing Report.

G. **Housing Exceptions:** Under the following conditions, it might be necessary to house an offender in Administrative Segregation in a single cell (this section does not apply to offenders in Protective Custody, see Section IV.B. above):

1. Offender with severe medical disabilities (assigned by Medical and evaluated within 24-hours of placement);

2. Offenders suffering from serious mental illness (assigned by Mental Health Staff and evaluated within 48-hours of placement);



| GEORGIA DEPARTMENT OF CORRECTIONS | | |
|---|---|---|
| **Standard Operating Procedures** | | |
| **Policy Name:** Administrative Segregation | | |
| **Policy Number:** 209.06 | **Effective Date:** 2/19/2021 | **Page Number:** 10 of 21 |
| **Authority:**<br>Commissioner | **Originating Division:**<br>Facilities Division | **Access Listing:**<br>Level II: Required Offender Access |

3.  Sexual Predators (assigned by the Classification Committee and evaluated within 48-hours of placement);

4.  Offenders likely to be exploited or victimized by others (assigned by the Classification Committees and evaluated within 48-hours of placement); and

5.  Offenders who have other special needs for single housing (assigned by the Classification Committees and evaluated within 48-hours of placement).

H.  **Conditions of Administrative Segregation:** The basic level of conditions described below applies to the Administrative Segregation Unit, unless the offender is subject to a sanction of that condition pursuant to SOP 209.01, Offender Discipline:

1.  Cells shall be well ventilated, adequately lighted, appropriately heated and maintained in a sanitary condition always. All cells shall be equipped with beds which shall be securely fastened to the wall or floor;

2.  Cell occupancy, except in emergencies, shall not exceed design capacity. When an emergency requires excess occupancy, a report shall be prepared immediately and delivered to the Warden/Superintendent for review and corrective action;

3.  Cells shall be equipped and furnished in a manner like cells in the general population;

4.  Each offender shall be provided the same opportunities for personal hygiene available to the general population, except that an offender may be limited to showering and shaving three (3) times per week. This includes establishing a schedule for barbering, hair care services, and receipt of hygiene items (toilet paper, soap, deodorant, toothbrush/paste);

5.  Offenders shall receive suitable clothing;



| GEORGIA DEPARTMENT OF CORRECTIONS | | |
|---|---|---|
| **Standard Operating Procedures** | | |
| **Policy Name:** Administrative Segregation | | |
| **Policy Number:** 209.06 | **Effective Date:** 2/19/2021 | **Page Number:** 11 of 21 |
| **Authority:** Commissioner | **Originating Division:** Facilities Division | **Access Listing:** Level II: Required Offender Access |

6.  Offenders will have same access to Chaplaincy Services as that of the general population;

7.  Each facility shall have an established laundry schedule that addresses the issue and exchange of clothing, as well as the washing schedule of clothing, bedding, and linen, in the same manner as the offenders assigned to general population;

8.  Each offender shall be allowed to write and receive mail in the same manner as general population offenders;

9.  Visitation privileges afforded the general population shall be allowed for offenders in Administrative Segregation (see SOP 227.05, Offender Visitation);

10. No restrictions shall be placed upon an offender's access to courts or legal counsel.  Each facility shall establish procedures that allows for all offenders to receive law library services;

11. Offenders shall have access to reading materials.  Each facility shall establish a procedure for offenders to receive library services;

12. Food provided to offenders shall be the same quality and quantity as that provided in the general population. Paper products may be provided to offenders, when food and equipment (trays) are utilized in a manner that is hazardous to self, staff, or other offenders.  These meals are served on an individual basis and based on health or safety considerations only. They must meet basic nutritional requirements, and must be approved by the Warden/Superintendent, responsible health authority, and shall not exceed seven (7) days, unless the offender's behavior dictates otherwise;

13. Offenders shall be provided the same bedding supplies as are provided persons in the general population;

GEORGIA DEPARTMENT OF CORRECTIONS



**Standard Operating Procedures**

| Policy Name: Administrative Segregation | | |
|---|---|---|
| **Policy Number:** 209.06 | **Effective Date:** 2/19/2021 | **Page Number:** 12 of 21 |
| **Authority:** Commissioner | **Originating Division:** Facilities Division | **Access Listing:** Level II: Required Offender Access |

14. An offender shall normally be assigned all his or her personal property consistent with the length of assignment, security needs of the unit, and in accordance with established housekeeping plans of the unit;

15. Offenders shall continue to receive the services of a Counselor. Offenders may participate in such educational, vocational, and/or rehabilitative programs as can be provided within the confines of the Administrative Segregation unit, consistent with the security needs of the unit;

16. Offenders may order items from the commissary, subject to the limitations listed below. Items from the commissary may be withheld if determined by the Correctional Supervisor to be a threat to the security of the Administrative Segregation unit.

    a. Offenders will be limited to the equivalent of $60.00 of Commissary items; and

    b. Spending limits may be reduced based upon the spacing of the facility and in accordance with the housekeeping plan of the unit;

17. Offenders, shall be administered medications in the same manner as general population offenders. This will include medication in blister packs in accordance with SOP 507.04.43, Medication Distribution System. If the offender's behavior demonstrates a high potential for self-harm, blister packed medication maybe withheld at the discretion of the licensed health care provider.

18. Whenever an offender is deprived of any of the conditions afforded in Administrative Segregation, it must be approved by the Warden/Superintendent. Refer to SOP 209.05, Stripped Cell and Temporary Confiscation of Property;



GEORGIA DEPARTMENT OF CORRECTIONS

**Standard Operating Procedures**

**Policy Name:** Administrative Segregation

| **Policy Number:** 209.06 | **Effective Date:** 2/19/2021 | **Page Number:** 13 of 21 |
|---|---|---|
| **Authority:**<br>Commissioner | **Originating Division:**<br>Facilities Division | **Access Listing:**<br>Level II: Required Offender Access |

19. Exercise: Offenders shall receive a minimum of one (1) hour of exercise per day outside of their assigned cells, five (5) days per week, unless security or safety considerations dictate otherwise;

20. Telephone Privileges: Offenders shall be allowed telephone privileges, subject to the legitimate needs of the facility, as approved by the Warden/Superintendent. No restrictions shall be made to calls related specifically to access to the attorney of record or for reporting PREA incidents;

21. GOAL Devices: Offenders shall have the same access to GOAL Devices and the J-Pay Kiosk as that of the general population, subject to the legitimate needs of the facility; and

22. Space shall be available either inside the Administrative Segregation unit or external to the unit for Treatment Staff consultation with Administrative Segregation offenders.

I. **Unit Inspection:** Monitoring of the unit shall be conducted on a regular basis. This monitoring enables responsible officials to observe and evaluate conditions of confinement and talk with confined offenders. Each person who visits the unit must sign in on the "Record of Staff Visits to Restricted Unit Log" ("Red Book") These monitoring visits shall be conducted in accordance with the following schedule:

1. Correctional Shift Supervisor shall visit once (1) each shift;

2. Health Care Officials: When an offender is transferred to Administrative Segregation, the on-call medical authority will be informed immediately in order to allow medical to perform a check within 24 hours. A licensed healthcare provider shall conduct an initial medical round within the first 24 hours after an offender is placed in Administrative Segregation. Unless medical attention is needed more frequently, each offender in segregation receives daily visits from a licensed healthcare provider. The visit ensures that

| GEORGIA DEPARTMENT OF CORRECTIONS<br><br>**Standard Operating Procedures** | | |
|---|---|---|
| **Policy Name:** Administrative Segregation | | |
| **Policy Number:** 209.06 | **Effective Date:** 2/19/2021 | **Page Number:** 14 of 21 |
| **Authority:**<br>Commissioner | **Originating Division:**<br>Facilities Division | **Access Listing:**<br>Level II: Required Offender Access |

offenders have access to the health care system. The presence of a licensed healthcare provider in Administrative Segregation is announced and recorded. The frequency of the physician visits to Administrative Segregation units is determined by the Responsible Health Authority.

3. A Qualified Mental Health Providers shall visit as requested by staff or as described in SOP 508.20, Mental Health Rounds in Isolation/Administrative Segregation Units.

4. Chief of Security: Daily/excluding weekends and holidays.

5. Counselor: One (1) time per week.

6. Deputy Warden/Assistant Superintendent: At least one (1) Deputy Warden/Assistant Superintendent each day, excluding weekends/holidays.

7. Warden: At least twice (2) per week.

8. Institutional Duty officer: Daily.

9. Chaplain or Chaplain volunteer: At least twice (2) per week.

10. Recreational Directors/Supervisors: Daily/excluding weekends and holidays. In cell exercise shall be explained, demonstrated, and monitored for offender(s) that have been placed on recreation restriction, due to security or safety considerations.

11. Documentation of rounds: It shall be the responsibility of everyone to document their visits on Attachment 3/3A in the appropriate colored ink to provide a clear record of whom has visited the segregation unit.

    a. Wardens and Supervisors shall document in **RED ink.**

| GEORGIA DEPARTMENT OF CORRECTIONS  **Standard Operating Procedures** | | |
|---|---|---|
| **Policy Name:** Administrative Segregation | | |
| **Policy Number:** 209.06 | **Effective Date:** 2/19/2021 | **Page Number:** 15 of 21 |
| **Authority:** Commissioner | **Originating Division:** Facilities Division | **Access Listing:** Level II: Required Offender Access |

   b.  Healthcare/Mental Health staff shall document in **GREEN ink**.

   c.  Counselors, Chaplains, Recreation Directors/Supervisors, and Volunteers shall document in **BLUE ink**.

   d.  Officers shall document in **BLACK ink**.

J.  **Classification Committee's Continued Review of Administrative Segregation**:

   1.  The Classification Committee or other authorized staff member(s) shall review the status of all offenders in Administrative Segregation and Protective Custody every seven (7) days for the first sixty (60) days and then, at least every thirty (30) days thereafter. The purpose of this review is to determine if the offender should remain in Administrative Segregation for the original reason(s) for placement. During the review, the Classification Committee or authorized staff member(s) shall consider and document the following:

   a.  The offender's original reason(s) for placement;

   b.  Disciplinary Reports received since last review;

   c.  Was the offender's behavior defiant or insubordinate during the review;

   d.  Reports from staff assigned to the Administrative Segregation units about negative behavior or acts since last review;

   e.  Whether the offender poses a threat or continued threat to security/themselves/others/property;

   f.  Concerning statements made, to the reviewer, by the offender;

   g.  Whether the offender is unwilling or unable to live in general population (Protective Custody only);



GEORGIA DEPARTMENT OF CORRECTIONS

**Standard Operating Procedures**

**Policy Name:** Administrative Segregation

| **Policy Number:** 209.06 | **Effective Date:** 2/19/2021 | **Page Number:** 16 of 21 |
|---|---|---|
| **Authority:**<br>Commissioner | **Originating Division:**<br>Facilities Division | **Access Listing:**<br>Level II: Required Offender Access |

      h. Negative Comments documented on Attachment 3/3A, Isolation/Segregation Checklist; and

      i. Was the offender willing to cooperate with the Classification Committee in developing a plan for reintegration back into general population.

  2. This review will be completed on Attachment 5, 7-Day Status Review Form, and forwarded to the Warden/Superintendent with the Classification Committee's or authorized staff member(s) review and recommendations. A case note shall be entered into SCRIBE, documenting the information on the written report. If the recommendation is to release the offender, refer to Paragraph P, Release.

  3. A Qualified Mental Health Professional shall personally interview and prepare a written report on any offender that remains in segregation for more than thirty (30) days. If housed beyond thirty (30) days, a mental health assessment by a qualified mental health professional shall be completed at least every thirty (30) days for offenders who have an identified mental health need, and every three (3) months for all others-more frequently if prescribed by the Chief Medical Authority. Refer to SOP 508.20, MH Rounds in Isolation Administrative Segregation Units for other procedures. The Warden/Superintendent shall review and approve all offenders that remain in Administrative Segregation, for more than (30) days.

K. **Staff Assignments**: The staff of the unit shall be selected carefully and regularly evaluated by the supervisory personnel. This evaluation will be monitored through making notes through E-Performance. The Warden/Superintendent shall ensure staff are provided a special orientation and training as to the function of the unit, rules governing its operation and the needs and problems typical of offenders in the unit. The orientation and training must be documented and maintained in the staff member's training file. Specialized departmental training will be developed to support this. Staff shall be rotated or substituted on a case by case basis, and with the approval of the Deputy Warden of Security and/or Shift Supervisor.

| | GEORGIA DEPARTMENT OF CORRECTIONS<br><br>**Standard Operating Procedures** | |
|---|---|---|
| **Policy Name:** Administrative Segregation | | |
| **Policy Number:** 209.06 | **Effective Date:** 2/19/2021 | **Page Number:** 17 of 21 |
| **Authority:**<br>Commissioner | **Originating Division:**<br>Facilities Division | **Access Listing:**<br>Level II: Required Offender Access |

L. **Opening of Cell Doors**: At least two (2) Correctional Officers and/or security staff members shall be present when opening a cell door.  All offenders assigned to the cell shall be handcuffed from behind.

**Note:** In the event of life-threatening circumstances or emergencies, Correctional Officers/staff members, SHALL make a radio call for assistance, provide details of the circumstances, to include the number of offenders in the cell, their names/actions, and what is occurring.

M. **Permanent Logs**: Permanent logs shall be maintained by the Correctional Officer on duty. The record shall include, but not limited to the following:

1. A record of all admissions and releases including:

   a. The offender's name and GDC#;

   b. Housing location;

   c. Date of action;

   d. Time of action;

   e. Reason for admission and tentative release date; and

   f. Authorizing official or committee;

2. A record of visitors including all official visits from staff, time, and date;

3. Notations of observations of unusual occurrences or behavior;

4. Site medical observations/visits and the medical staff member conducting the visit; and



GEORGIA DEPARTMENT OF CORRECTIONS

**Standard Operating Procedures**

**Policy Name:** Administrative Segregation

| **Policy Number:** 209.06 | **Effective Date:** 2/19/2021 | **Page Number:** 18 of 21 |
| --- | --- | --- |
| **Authority:**<br>Commissioner | **Originating Division:**<br>Facilities Division | **Access Listing:**<br>Level II: Required Offender Access |

5. All occurrences during the tour of duty. For example, showers, shaves, haircuts, laundry pick-up/delivery, mail call, recreation (in cell and out), count, feeding, shift changes, etc.

N. **Accountability Log**: The dorm or housing unit officer will maintain an accountability log accurate to the minute, making it possible to give an accounting of the whereabouts of each offender assigned to the dorm/housing unit. This log shall include cell/room number, bed number, offender name, offender number, race, in or out time, assignment of offender and destination of offender.

1. The accountability logs shall be printed daily after 1800 hours once all daily scheduled offender moves have been completed in both SCRIBE and the offender-housing unit. All unscheduled in movement will be hand written by the assigned dorm officer on the accountability log with all information recorded as is on the printed log to include the cell/room number, bed number, race, in or out time, reason for assignment of the offender, and destination of the offender. Accountability logs will be distributed daily by the Second (2) or Third (3) Shift Supervisor/designee.

O. **Individual Records:** Individual records shall be maintained for each offender in Administrative Segregation to provide a document listing daily activities. Use the Segregation/Isolation Checklist, Attachment 3 or 3A, of this SOP. This record shall:

1. This record shall be completed daily with 30-minute documented checks. The 30-minute checks should be documented when they occur, not at the end of the shift. False entries shall never be permitted on any of the Segregation/Isolation forms. No rounds shall be skipped or documented in advance of the actual rounds.;

2. More frequent rounds may be required for offenders who are violent or mentally disordered, demonstrate unusual or bizarre behavior, or are potentially suicidal or self-injurious. The frequency and type of observation

GEORGIA DEPARTMENT OF CORRECTIONS



**Standard Operating Procedures**

| Policy Name: Administrative Segregation | | |
|---|---|---|
| **Policy Number:** 209.06 | **Effective Date:** 2/19/2021 | **Page Number:** 19 of 21 |
| **Authority:**<br>Commissioner | **Originating Division:**<br>Facilities Division | **Access Listing:**<br>Level II: Required Offender Access |

shall be determined by Qualified Mental Health Professional per the applicable Mental Health SOP.;

3.  Contain a record of all activity such as bathing, exercise, medical visits, program participation, and religious visits;

4.  Be signed by the officer in charge of each shift;

5.  Cite medical observations/visits;

6.  Include comments of unusual occurrences or behavior; and

7.  Be filed in the offender's institutional file.

P.  **Release:** Prior to an offender being released from Administrative Segregation/Protective Custody, the Classification Committee or other staff group, designated by the Warden/Superintendent, shall conduct a release hearing.

1.  During the hearing, the following will be considered for release:

    a.  Infraction or reason for admission;

    b.  Disciplinary history (while in segregation);

    c.  Mental health/medical needs; and

    d.  Housing needs (STG, PREA, etc.).

2.  All recommendations for release from Administrative Segregation will be forwarded to the Warden/Superintendent for approval. Once approved, the release to general population will be documented, including the date and time in the logbook.  If the offender requests to return to general population from



### GEORGIA DEPARTMENT OF CORRECTIONS

**Standard Operating Procedures**

**Policy Name:** Administrative Segregation

| **Policy Number:** 209.06 | **Effective Date:** 2/19/2021 | **Page Number:** 20 of 21 |
| --- | --- | --- |
| **Authority:** Commissioner | **Originating Division:** Facilities Division | **Access Listing:** Level II: Required Offender Access |

voluntary segregation (Protective Custody), put the offender's request in the same file with the request for Protective Custody.

3. The facility will attempt to ensure offenders are not released directly into the community from extended restrictive housing unless there is documented justification for doing so. In the event that a release is imminent, a release plan for the offender must be developed that is tailored to specific needs of the offender in accordance with SOP 503.02, Reentry Pre- and Post-Release Planning. (Does not apply to immediate court order release.)

   a. The Warden shall notify the designated Regional Director of any offender releasing directly from extended restrictive housing to the community prior to the release for approval;

   b. When an offender is released directly to the community from extended restrictive housing the following notifications shall be documented:

      i) Notification shall be made by the Warden's designee to state and local law enforcement of the offender's release;

      ii) The offender will be provided information about applicable community resources in accordance with SOP 503.02, Reentry Pre- and Post-Release Planning; and

      iii) The Office of Victim's Services will be notified of the release in accordance with SOP 222.07, Release Procedures for Offenders where applicable.

## V.   Attachments:

Attachment 1:   Administrative Segregation Assignment Memorandum
Attachment 2:   96-Hour Segregation Hearing Report
Attachment 3:   Segregation/Isolation Checklist - 8 Hour Shift

| GEORGIA DEPARTMENT OF CORRECTIONS  **Standard Operating Procedures** | | |
|---|---|---|
| **Policy Name:** Administrative Segregation | | |
| **Policy Number:** 209.06 | **Effective Date:** 2/19/2021 | **Page Number:** 21 of 21 |
| **Authority:** Commissioner | **Originating Division:** Facilities Division | **Access Listing:** Level II: Required Offender Access |

Attachment 3A: Segregation/Isolation Checklist -12 Hour Shift
Attachment 4:    Administrative Segregation Assignment Appeal Form
Attachment 5:    7-Day Status Review Form
Attachment 6:    Administrative Segregation Orientation Handout

**VI.    Record Retention of Forms Relevant to this Policy:**

Upon completion, Attachments 1, 2, 3 or 3A, and 4 shall become part of the offender's institutional file and shall be retained per the official records retention schedule of that file. Attachment 5 shall be maintained for one (1) year and then destroyed. Attachment 6 shall be utilized per the SOP until revised or obsolete.