## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| JANE DOE,<br><br>     Plaintiff,<br><br>v.<br><br>GEORGIA DEPARTMENT OF<br>CORRECTIONS; *et al.*,<br><br>     Defendants. | Civ. Case No. 1:23-cv-5578-MLB |

## <u>PLAINTIFF'S OPPOSITION TO STATE DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE</u>

Plaintiff respectfully opposes State Defendants' Request for Judicial Notice and Consideration of Documents Incorporated by Reference [Dkt. 322]. Contemporaneous with the filing of their Motion to Dismiss [Dkt. 321 & 321-1], State Defendants submitted a request for this Court to take judicial notice of certain facts and to consider certain documents it claims are incorporated by reference. These documents fall into four general categories, as shown below:

- Exhibits A-C: Georgia Department of Correction's ("GDC's") Standard Operating Procedures ("SOP").

- Exhibit D: World Professional Association for Transgender Health's

("WPATH") Standards of Care.[1]

- Exhibits E-L: Documents from Plaintiff's criminal record and disciplinary history within GDC custody.

- Exhibits M-P: Evaluations written by select psychiatrists and medical professionals.[2]

- Exhibit Q: A Statement of Interest filed in the Northern District of Georgia.

Plaintiff opposes Defendants' request as to Exhibits E-L and Q.

## I.    Legal Standard

"Generally, when considering a motion to dismiss, the district court must limit its consideration to the pleadings and any exhibits attached to it." *Baker v. City of Madison, Ala.*, 67 F.4th 1268, 1276 (11th Cir. 2023) (citation omitted); *see Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999). The Eleventh Circuit has explained that, on a motion to dismiss, courts may consider other documents under "the incorporation-by-reference doctrine" and those which are subject to "judicial notice." *Baker*, 67 F.4th at 1275-76.

Under the incorporation-by-reference doctrine, this Court may consider

---

[1] Plaintiff agrees that she incorporated this document by reference. Plaintiff alleged her awareness of the WPATH Standards of Care and cited them as authorities indicating GDC's failure to meet nationwide best practices and the medical standard of care. *See* FAC ¶¶ 15-17, 119.

[2] Plaintiff agrees that she incorporated these documents by reference.

2

evidence "attached to a motion to dismiss without converting the motion into one for summary judgment if (1) the plaintiff refers to certain documents in the complaint, (2) those documents are central to the plaintiff's claim, and (3) the documents' contents are undisputed." *Baker*, 67 F.4th at 1276 (quotations omitted). A document is "central" to a complaint where it is "the basis for the complaint." *Bryant*, 187 F.3d at 1280 n. 16; *see also GoPlus Corp. v. Crown Equip. Corp.*, 533 F. Supp. 3d 1344, 1353 (S.D. Ga. 2021) (finding that a document is not automatically central to the claims in a complaint simply by its reference therein).

Defendants here raise the judicial notice exception as to (1) Ms. Doe's criminal record and disciplinary record from her time in custody, *See* Dkt. 322 at 3–4, and (2) a Statement of Interest filed in another action in this district, *id.* at 5. The Court must not take judicial notice of either category of documents.

A court can only take judicial notice of "adjudicative facts" that are "generally known within the trial court's . . . jurisdiction" or that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)–(2). "Adjudicative facts are facts that are relevant to a determination of the claims presented in a case." *Dippin' Dots, Inc. v. Frosty Bites Distrib., LLC*, 369 F.3d 1197, 1204 (11th Cir. 2004). In order for a fact to be judicially noticed, that fact must "not [be] subject to reasonable dispute[.]" Fed. R. Evid. 201(b). In other words, "indisputability is a prerequisite." *United States v. Jones*, 29 F.3d 1549, 1553

3

(11th Cir. 1994) (citing 21 C. A. Wright & K. W. Graham, *Federal Practice and Procedure: Evidence* § 5104 at 485 (1977 & Supp. 1994)). When a party seeks judicial notice of a document filed in other litigation containing facts that do not meet the indisputability prerequisite, the Court may only take judicial notice of the "fact of such litigation and related filings," "not for the truth of the matters asserted in other litigation." *Id.* (internal citations omitted); *see Bryant*, 187 F.3d at 1278.

Defendants believe its SOPs should be incorporated-by-reference merely because the FAC mentions them. *See* Dkt. 322 at 2. Defendants here also raise the judicial notice exception as to (1) Ms. Doe's criminal record and disciplinary record from her time in custody, *see* Dkt. 322 at 3–4, and (2) a Statement of Interest filed in another action in this district, *id.* at 5. The Court must not take judicial notice of, nor incorporated any of these documents by reference. To the extent State Defendants rely upon these documents in their Motion to Dismiss, they should be disregarded as not properly before this Court at this stage.

## II.    State Defendants' SOPs Cannot Be Incorporated By Reference Because They Are Not Central to the Claims in Ms. Doe's FAC.

A document may not be incorporated by reference merely because it was mentioned in a complaint. Rather, it must be central to the plaintiff's claims. *See, e.g., GoPlus Corp. v. Crown Equip. Corp.*, 533 F. Supp. 3d 1344, 1353 (S.D. Ga. 2021) (finding that referencing a document in a complaint does not automatically make that document central to the complaint's claims). A document is "central" to a

complaint where it is "the basis for the complaint." *Bryant*, 187 F.3d at 1280 n. 16. Such is not the case here.

While Ms. Doe's FAC references the SOPs, and their authenticity is undisputed, the SOPs are not "central" to Ms. Doe's claims because they are not the basis for them. Ms. Doe's claims arise under the Eighth Amendment (Counts 1 and 6), the ADA (Counts 2, 3, and 5), and the Rehabilitation Act (Count 4), and none depend on the SOPs to make out its elements. The FAC invokes the SOPs only to illustrate the extent to which GDC has departed from its own stated standards, not to enforce those standards or to state a claim based on their breach. Ms. Doe's solitary conditions claim are viable even without reference to the SOPs—and even if the SOPs did not exist at all—because they rest on the actual duration, conditions, and effects of her confinement. The SOPs are not the source of those constitutional standards. Because the SOPs are not the basis for any of Ms. Doe's claims, considering them would be inappropriate at the pleading stage and would convert the Motion into one of summary judgment. *See Baker*, 67 F.4th at 1276. Therefore, the Court must decline to incorporate the State's SOPs by reference.

## III.    State Defendants' Exhibits Pertaining to Ms. Doe's Criminal History Are Not Judicially Noticeable.

### A. Ms. Doe's Criminal and Disciplinary History Are Not Relevant to the Claims in this Action.

Despite State Defendants' assertions to the contrary, Plaintiff's criminal and

disciplinary records—submitted as State Defendants' proposed Exhibits E through L [Dkt. 322, at 3-4]—are not "relevant to the determination of the claims presented in [this] case." *Dippin' Dots*, 369 F.3d at 1204. Ms. Doe's FAC does not refer to her criminal record, nor the specific disciplinary report for which State Defendants seek judicial notice, nor does she make any reference thereto. *See generally* FAC.

State Defendants make no showing that Ms. Doe's entire criminal history is relevant to any claim presented in her complaint. Although "[r]elevancy is a low threshold," Defendants have still failed to meet it here. *ECB USA, Inc. v. Chubb Ins. Co. of N.J.*, No. 20-20569-Civ-Scola, 2021 WL 9219452, at *1 (S.D. Fla. Nov. 15, 2021) (citing *United States v. Sumner*, 522 F. App'x 806, 810 (11th Cir. 2013)). The subject records resolve no adjudicative facts "relevant to a determination" of any claims presented in this action and are not subject to judicial notice. *Dippin' Dots*, 369 F.3d at 1204.

The FAC alleges claims for deliberate indifference to her medical needs, disability discrimination under the Americans with Disabilities Act and the Rehabilitation Act, and raises constitutional issues regarding the conditions of her years-long stay in solitary confinement conditions. *See* FAC. Ms. Doe's claims do not rely upon or relate to her criminal record in any significant way. Thus, these records do not have "any tendency to make a fact [of consequence] more or less probable than it would be without the evidence[.]" Fed. R. Evid. 401(a); *see also*

*Turner v. Williams*, 65 F.4th 564, 583 n.27 (11th Cir. 2023) ("In general, courts only consider the four corners of a complaint and the complaint's attached exhibits when analyzing a Rule 12(b)(6) motion to dismiss.") (citations omitted).

The leading Eleventh Circuit decision State Defendants cite to justify taking judicial notice of Ms. Doe's criminal and disciplinary history is a narrow, habeas decision where the criminal case filings were at issue. *See Cunningham v. Dist. Attorney's Off. for Escambia Cnty.*, 592 F.3d 1237, 1255 (11th Cir. 2010) ("We take judicial notice of prior habeas proceedings brought by this appellant in connection with the same conviction... even when the prior state case is not made a part of the record on appeal…") (internal quotation marks and citations omitted). Upon information and belief, every published Eleventh Circuit case referencing *Cunningham*'s rule on judicial notice is a post-conviction federal habeas action. *See, e.g.*, *Cromartie v. Shealy*, 941 F.3d 1244, 1247 & n.1 (11th Cir. 2019); *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 650–52 (11th Cir. 2020).

It is obvious that criminal records are relevant in habeas proceedings where the petitioner is challenging the underlying conviction. But the same cannot be said for Ms. Doe's civil rights action challenging the conditions of her confinement without stretching the "highly limited process" of judicial notice beyond its intent. *See Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997) ("[W]e point out that the taking of judicial notice of facts is, as a matter of evidence law, a highly limited

process.").

State Defendants seem to argue that because Ms. Doe makes claims regarding the current conditions of her confinement, her entire criminal history is relevant to establish that her prolonged solitary confinement and other security restrictions are justified. *See* Dkt. 321-1 at 1, 5, 19, 27-28, 31-32, 38-39. But this justification looks to matters outside of Ms. Doe's complaint for the sole purpose of creating a factual dispute, which is not permitted at this stage. *See City of Los Angeles v. Preferred Commc'ns, Inc.*, 476 U.S. 488, 493 (1986) (courts must "take the well-pleaded allegations of the complaint as true"); *see Bryant*, 187 F.3d at 1279 ("the prohibition against going outside of the facts alleged in the complaint protects against a party being caught by surprise when documents outside the pleadings are presented at that early stage."). Therefore, even if Ms. Doe's criminal and disciplinary records were relevant—which they are not—they serve no purpose at this stage, where the Court's only concern is the sufficiency of the pleadings.

### B. State Defendants Seek Judicial Notice of These Records for Improper Purposes.

State Defendants seek judicial notice of Ms. Doe's criminal and disciplinary history for purposes that are expressly prohibited by the Federal Rules of Evidence. First, while a "court may take judicial notice of a document filed in another court," these Defendants ask the Court to take judicial notice of "the truth of the matters asserted in the other litigation," which this circuit has long held is not appropriate.

*Jones*, 29 F.3d at 1553 (citations omitted). This purpose is evidenced by Defendants' reference to these records in their Motion to Dismiss. *See, e.g.*, Dkt. 321-1 at 20 ("That is especially so with a serial sex offender like Plaintiff. *See id.*; Exs. E, J, L."). It is generally not "permissible for a court to take judicial notice of a fact merely because it has been found to be true in some other action," because a factual finding in one action does not make that fact indisputable. *Jones*, 29 F.3d at 1553; *see Grayson v. Warden, Comm'r, Ala. DOC*, 869 F.3d 1204, 1225 (11th Cir. 2017) ("instances where a factual finding from another court could satisfy Rule 201's indisputability requirement for judicial notice would be rare") (citation omitted). While State Defendants may seek judicial notice for the *existence* of these records, Defendants clearly seek to establish the *truth* of the matters asserted in those records, which is impermissible. *Id.; see Jones*, 29 F.3d at 1553.

Second, Defendants seek to use these records to establish Ms. Doe's purported bad character, which is equally improper. In an attempt to bolster their faulty argument that "Plaintiff's criminal record is judicial noticeable[,]" State Defendants provide a string cite of cases in which various courts have taken judicial notice of various criminal and other records in unrelated contexts. Dkt. 322, at 3. None of these cases are analogous. *See Cranford v. Nev. Dep't of Corr.*, 398 F. App'x 540, 541 (11th Cir. 2010) (taking judicial notice of filings in the habeas petitioner's underlying criminal case, where state law required the court to scrutinize whether

9

the petitioner's arguments were or could have been raised or resolved in prior proceedings); *Dimanche v. Brown*, 783 F.3d 1204, 1213 n.1 (11th Cir. 2015) (taking judicial notice of an agency's annual statistics report); *United States v. Howard*, 28 F.4th 180, 186 n.2 (11th Cir. 2022) (on criminal appeal, taking judicial notice of the fact that the appellant physician surrendered her medical license after being convicted and sentenced for conspiring to pay or receive health care kickbacks); *Ohome v. United States*, No. 1:21-cv-368-MLB, 2021 WL 5771147, at *7 n.4 (N.D. Ga. Dec. 6, 2021) (taking judicial notice of the existence of a DHS Traveler Redress Inquiry Program). Most notably, none ask the Court to judicially notice a party's criminal or disciplinary record for the purpose of attacking that party's character, as State Defendants do here. *See, e.g.*, Dkt. 321-1 at 20 ("That is especially so with a serial sex offender like Plaintiff. *See id.*; Exs. E, J, L."). Ms. Doe's criminal and disciplinary records are not at issue in this action, so Defendants' request for judicial notice can only be seen as an attempt to prove her bad character. Defendants provide no authority establishing that a court may take judicial notice of criminal records for this purpose. [3]

---

[3] State Defendants cite to *Cranford*, 398 F. App'x at 546; however, this case involves a post-conviction petition for habeas corpus where the arguments made in the petitioner's prior criminal filings were directly at issue. *See id.* at 541 ("Cranford further argues that this constitutional violation . . . impeded his ability to challenge his 1977 state murder conviction, as well as several additional state convictions that he sustained in 1983.") These criminal records were not admitted for purposes of establishing character, and, upon information and belief, were judicially noticed by

State Defendants' blanket assertion that such criminal background can be judicially noticed, without further justification, is plainly a gross misrepresentation of principles recognized in the Federal Rules of Evidence. *See* Fed. R. Evid. 404(b)(1) ("Evidence of any other crime, wrong, or act is not admissible to prove a person's character...").[4] Such records must serve some legitimate evidentiary purpose other than proving a litigant's character, especially where said character is not at issue.

## IV.     State Defendants Seek Judicial Notice of a Statement of Interest Filed In Another Matter for Purposes Unfit for Judicial Notice.

State Defendants also ask this Court to judicially notice a Statement of Interest filed in another action to support its argument "that the ADA and RA both exclude gender dysphoria." *See* Dkt. 321-1 at 34. However, the Court must decline to do so.

"A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Jones*, 29 F.3d at 1553; *see Campo v. Granite Servs. Int'l, Inc.*, 584 F. Supp. 3d 1329, 1335 (N.D. Ga. 2022). In this circuit, "[j]udicial notice of court records is ordinarily confined to determining what happened in the course of a proceeding," such as "what claims were argued and

---

the Court for analysis purposes only.

[4] None of the exceptions to this rule relating to sexual misconduct apply to this action because this action does not involve claims of sexual misconduct.

adjudicated, and so on." *Id.* (quoting *Kerruish v. Essex Holdings, Inc.*, 777 F. App'x 285, 293 (11th Cir. 2019) (citation omitted)). Where a party does not "request[] judicial notice simply to 'establish the fact of such litigation and related filings'," but instead "to establish the truth of the assertions contained in the filing itself[,]" even if that filing "may be relevant evidence at summary judgment, a request for judicial notice in the context of a motion to dismiss is not the appropriate vehicle for addressing it." *Id.* at 1335-36.

The State Defendants here seek judicial notice for the improper purpose of establishing the truth of the assertions contained in the Statement of Interest. In their Motion to Dismiss, State Defendants cajole the Court to reverse its position on an issue already decided in this litigation. *See* Dkt. 131 at 44 (holding that gender dysphoria is a disability under the ADA). These Defendants argue that "gender dysphoria falls under gender identity disorders not resulting from physical impairments... and is thus expressly excluded from the ADA's coverage." Dkt. 321-1 at 34. In support of this argument, State Defendants point to other "[c]ourts [who] have reached the same conclusion with respect to the RA," *id.*, before directing the Court's attention to the Statement of Interest at issue. *Id.* While the Motion to Dismiss only acknowledges that "the United States filed a Statement of Interest last year in another case in this district," the preceding sentences make clear that this exhibit is being offered for the purported truth that "the ADA and RA both exclude

12

gender dysphoria." *Id.* This purpose is improper.

Even if the Court takes judicial notice of records within its jurisdiction, it must limit judicial notice to the existence of those records, especially where the purported facts within that filing are disputable. *See Jones*, 29 F.3d at 1553 ("In order for a fact to be judicially noticed under Rule 201(b), indisputability is a prerequisite.") (citing 21 C. Wright & K. Graham, *Federal Practice and Procedure: Evidence* § 5104 at 485 (1977 & Supp. 1994)). This Court has already decided that the ADA and RA cover "gender dysphoria," so State Defendants have no grounds to suggest that its Exhibit Q, which argues the opposite, contains indisputable facts. *See* Dkt. 131 at 44. If this Court were to consider any Statement of Interest filed by the United States on this issue, it would have to look no further than these proceedings. *See* Dkt. 69 at 12 ("The GID Exclusion excludes merely being transgender from the statute's coverage, but does not exclude impairments related to being transgender, such as the clinically significant impairments associated with gender dysphoria, which otherwise satisfy the ADA's definition of disability."); *id.* at 14 ("The GID Exclusion is thus properly interpreted as encompassing only gender identity disorders not resulting from a physical impairment as understood at the time of the ADA's passage and not as a bar to coverage for individuals with gender dysphoria.").

The Court should, therefore, decline to take judicial notice of the State Defendants' Exhibit Q. If the Court is inclined to take judicial notice of this

document, it must only do so with respect to the existence of that document, not any purported facts stated therein.

## V.    Conclusion

For all these reasons, this Court should deny State Defendants' request for judicial notice and consideration of documents incorporated by reference.

Respectfully submitted this 15th day of July, 2026,

*/s/ Scott Novak*

Scott Novak *
BAKER BOTTS L.L.P.
700 K St N.W.
Washington, D.C. 20001
(202) 639-1316
scott.novak@bakerbotts.com

Nicholas F. Palmieri *
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, New York 10112
(212) 408-2640
nick.palmieri@bakerbotts.com

Sterling Marchand *
BAKER BOTTS L.L.P.
700 K St N.W.
Washington, D.C. 20001
(202) 639-1113
sterling.marchand@bakerbotts.com

Derrick Luster *
RIGHTS BEHIND BARS
1800 M Street NW Front 1 #33821
Washington, D.C. 20033
derrick@rightsbehindbars.org

Christopher J. Murell
Georgia Bar Number: 195116
Meghan Matt*
MURELL LAW FIRM
2831 St. Claude Avenue
New Orleans, Louisiana 70117
(504) 717-1297 Telephone
(504) 233-6691 Facsimile
chris@murell.law
meghan@murell.law

**Admitted *pro hac vice***

15

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing brief conforms to the requirements of L.R. 5.1 and 7.1. The brief is prepared as double-spaced between lines and in 14-point Times New Roman font.

*/s/ Scott Novak*

## CERTIFICATE OF SERVICE

I certify that, on July 15, 2026, I electronically filed the foregoing with the Court and served it on opposing counsel through the Court's CM/ECF system. All counsels of record are registered ECF users.

*/s/ Scott Novak*

17